Joseph P. Kuszyhski, J.
In this ease of first impression, the court is called upon to interpret section 1299-p of the Public Authorities Law as to the permitted time within which a lawsuit may be brought against the defendant, Niagara Frontier Transportation Authority, a public benefit corporation.
Shirley B. Weiss, the plaintiff, was injured when she allegedly fell at the Buffalo International Airport on May 9, 1970. She filed a notice of claim on August 5, 1970 and the summons was served on June 14, 1971, one year and 35 days after the date of the accident.
Niagara Frontier Transportation Authority, the defendant herein, moves this court to dismiss the action as not having been timely brought within the period provided by section 1299-p of the Public Authorities Law.
Section 50-i (subd. 1, par. [c]) of the General Municipal Law contains the explicit limitation that an action ‘ ‘ shall be commenced within one year and ninety days after the happening of the event upon which the claim is based. ’ ’
Section 1299 of the Public Authorities Law with its subdivisions is a special enactment which applies only to the Niagara Frontier Transportation Authority. This section gave birth to the Authority and defines its purposes, powers and limitations.
Subdivision 1 of section 1299-p reads: 1 ‘ The complaint shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the authority ’ ’.
Subdivision 2 reads: ‘ ‘ An action against ' the authority founded on tort shall not be commenced more than one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been served on the authority within the time limited by and in compliance with all the requirements of section fifty-e of the general municipal law. ’ ’
The Appellate Division, Fourth Department, in the case of Christian v. Village of Herkimer (5 A D 2d 62, affd. 5 N Y 2d 818) interpreted the language in section 341 of the Village Law which is identical in substance to that used in section 1299-p of the Public Authorities Law by defining the phrase ‘ ‘ within one year after the cause of action therefor shall have accrued ’ ’ *1061 to mean that the accrual time of the cause of action is the date of the accident.
Until it is held otherwise, this court is constrained to follow the decision in Christian.
Plaintiffs’ contention that CPLR 204 (subd. [a]) which provides that a period during which commencement of an action is stayed by a statutory prohibition is not a part of the time during which the action must be commenced operates so as to extend for 90 days the one-year limitation is without merit. CPLR 204 (subd. [a]) viewed in its most favorable light, extends the one-year limitation imposed by section 1299-p of the Public Authorities Law by only 30 days. The statutory requirement that service of a notice of claim be made within 90 days after the occurrence for which recovery is sought is clearly not a statutory prohibition but a condition precedent to the commencement of the action. (See the commentary on CPLR 204 in 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 204.03; also, Woodcrest Constr. Co. v. City of New York, 185 Misc. 18, affd. without opn. 273 App. Div. 752 [1st Dept.].)
The combined effect of section 50-e of the General Municipal Law, section 1299-p of the Public Authorities Law and CPLR 204 (subd. [a]) is to provide a total period of one year and 30 days within which an action may be brought against the Niagara Frontier Transportation Authority. Since service in the matter before this court was made one year and 35 days after the date of the accident, the action is time-barred and the complaint must be and hereby is dismissed.