■ SALVATORE PEPITONE, as Administrator of the Estate of JOSEPH PEPITONE, Deceased, Appellant, v RICHARD J. SMITH, as Trustee, et al., Defendants, and LONG ISLAND RAIL ROAD COMPANY et al., Respondents.—In a wrongful death action, in which the plaintiff father, in his individual capacity, seeks to recover medical, hospital and funeral expenses incurred by him, he appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated November 12, 1975, as (1) adhered to a prior determination which granted respondents' motion for summary judg-

ment dismissing the complaint and (2) dismissed the complaint as against respondents. Order reversed insofar as appealed from, with $50 costs and disbursements, respondents' motion denied, and complaint reinstated as against them. On October 17, 1968 plaintiff's intestate, a 13-year-old boy, was injured when he came into contact with a high tension wire on premises allegedly owned, maintained and controlled by the four defendants herein. After an extended period of hospitalization, the boy died on December 1, 1969, the date set forth in the death certificate. A notice of claim was served in September, 1970, and a summons was served on the Long Island Rail Road on December 1, 1970 and on the Metropolitan Transportation Authority on the following day. Section 1276 of the Public Authorities Law provides that an action against the Metropolitan Transportation Authority may not be commenced until at least 30 days have elapsed since presentment of a claim to it, and that an action may not be commenced more than one year after the cause has accrued. Under the circumstances herein, plaintiff was entitled to the benefit of a 30-day extension of the one-year time limitation and, since the wrongful death action did not accrue until December 1, 1969, the service of the summons was timely (see *Serravillo v New York City Tr. Auth.*, 51 AD2d 1037). With respect to the father's personal action for medical, hospital and funeral expenses, those are special damages arising from the wrongful death (see EPTL 5-4.3), and the action for said damages is similarly timely. Respondents have also denied ownership, maintenance or control of the premises. This factual question is appropriately reserved for the trial. Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur.