Harold Hyman, J.
The Long Island Railroad, the defendant in this action, based upon the wrongful death and conscious pain and suffering of plaintiffs’ intestate, moves for summary judgment. Plaintiffs cross-move for leave to file a late notice of claim and summons and complaint.
Plaintiffs’ intestate, an infant, was allegedly killed through defendant’s negligence on August 5, 1972. Plaintiffs commenced this action on March 5, 1975. Despite defendant’s contention to the contrary, plaintiffs’ failure to file a notice of claim is no bar to their prosecution of the instant action. In 1976, subdivision 6 of section 1276 of the Public Authorities Law was amended so as to exempt subsidiary corporations of the Metropolitan Transportation Authority (including the defendant, Long Island Railroad) from notice of claim require *226 ment. (L 1976, ch 745.) This court holds that the statute is merely remedial and should therefore be applied retroactively so as to encompass the instant action. (See Longines-Wittnouer Watch Co. v Barnes & Reinecke, 15 NY 2d 443, cert den 382 US 905; Barrow v New York City Housing Auth., Queens County, Index No. 7049/76, Calabretta, J., Oct. 15, 1976.)
This action is, however, time-barred. The cause of action based upon wrongful death is barred by EPTL 5-4.1 and the cause of action based upon conscious pain and suffering is barred by subdivision 2 of section 1276 of the Public Authorities Law. Moreover, these statutes are not tolled by reason of CPLR 208, since plaintiffs’ infant intestate died instantly and hence there was no period during which the statutes can be tolled by reason of the disability of infancy.
The motion is granted and the cross motion is denied as moot.