■ JOHN J. MIKULKA, as Administrator of the Estate of THERESA MIKULKA, Deceased, et al., Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a negligence action to recover damages for wrongful death, etc., defendant appeals from an order of the Supreme Court, Queens County, dated September 9, 1975, which granted plaintiff's motion to strike its affirmative defense that plaintiff failed to commence the action timely pursuant to section 1212 of the Public Authorities Law. Order reversed, with $50 costs and disbursements, and affirmative defense reinstated. Special Term properly determined that the one year and 90-day Statute of Limitations applies in wrongful death actions against public authorities (see Public Authorities Law, § 1212; *Erickson v Town of Henderson,* 30 AD2d 282; *Phillips v Village of Waterford,* 48 AD2d 745; *Fitzgerald v Manhattan & Bronx Surface Tr. Operating Auth.,* NYLJ, Nov. 3, 1976, p 12, col 3). There was, however, no factual basis for applying the doctrine of equitable estoppel against defendant. Moreover, the plaintiff had three months after the termination of the contractual stay to commence his action within the statutory period. Thus, defendant should not have been precluded from asserting the defense of the Statute of Limitations (see *Robinson v City of New York,* 24 AD2d 260). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.