■ KATHLEEN O'CONNOR et al., Individually and as Administratrices of the Estate of EUGENE HENNELLY, Deceased, Appellants, v LONG ISLAND RAILROAD, Respondent.—In an action to recover damages for wrongful death and conscious pain and suffering, plaintiffs appeal from an order of the Supreme Court, Queens County, dated April 13, 1977, which granted defendant's motion for summary judgment and denied their cross motion to serve and file a summons and complaint and a "Notice of Intention to Make Claim" *nunc pro tunc.* Order affirmed, without costs or disbursements. The acts upon which this action is based occurred on August 5, 1972. By order dated August 10, 1973, plaintiffs were permitted to serve and file a notice of claim against the Metropolitan Transportation Authority *nunc pro tunc.* The notice was served on August 20, 1973 and a summons and complaint, asserting causes of action for wrongful death and conscious pain and suffering against the authority as sole defendant, were served on November 5, 1973. On March 5, 1975 this action against the Long Island Railroad was commenced by service of a summons and complaint. The case against the Metropolitan Transportation Authority was dismissed on the ground that it was not a proper party. The Long Island Railroad subsequently moved for summary judgment on the ground that plaintiffs had not complied with section 1276 of the Public Authorities Law. The motion was granted. Special Term ruled that although subdivision 6 of section 1276 of the Public Authorities Law was amended so as to exempt subsidiary corporations of the Metropolitan Transportation Authority (including the Long Island Railroad) from the notice of claim requirements (L 1976, ch 745), the amendment is remedial in nature and should be applied retroactively so as to apply to the instant action. Special Term, nonetheless, granted summary judgment on the ground that the applicable Statute of Limitations had run. We agree that the instant action is time-barred by virtue of the limitations contained in EPTL 5-4.1 and subdivision 2 of section 1276 of the Public Authorities Law. However, we disagree with Special Term's ruling as to the retroactivity of the amendment to subdivision 6 of section 1276 of the Public Authorities Law. The general rule is that, absent a clear legislative intent to the contrary, statutes and amendments thereto operate prospectively only. This is all the more so, where, as here, the Legislature postponed the effective date of the amendment. An exception to the general rule is an amendment which is designed to ameliorate an injustice and which only affects procedures preliminary to suit. Such an amendment, remedial in nature, is usually applied retroactively. However, we are not compelled to strictly follow that exception, and we do not do so here. This determination is consistent with our decision in *Matter of Pauletti v Freeport Union Free School Dist. No. 9* (59 AD2d 556, affd 44 NY2d 398), wherein we held that the "ameliorative" amendment to subdivision 5 of section 50-e of the General Municipal Law was not to be applied retroactively since there was no clear legislative indication to do so. The Court of Appeals, in reviewing *Pauletti,* gave only a limited retroactive effect to subdivision 5 of section 50-e due to the specific language contained therein, which does not apply to subdivision 6 of section 1276 of the Public Authorities Law. Our determination finds support in the fact that the amendments to both statutes were considered and acted upon simultaneously. Hopkins, J. P., Martuscello, Damiani and Rabin, JJ., concur. [89 Misc 2d 225.]