OPINION OF THE COURT
Rudolph U. Johnson, J.
Defendant, Henry L. Pawlak, pursuant to notice of motion seeks an order granting summary judgment dismissing the complaint of the plaintiffs, Alfred J. and Genevieve Niemczyk on the ground that the plaintiffs’ cause of action is barred by a one-year Statute of Limitations.
The plaintiffs on January 21, 1977 were involved in a motor vehicle accident with a bus owned by NFT Metro and being operated by its employee, defendant, Henry L. Pawlak.
Defendant contends that as a consequence of subdivision 3 of section 1299-p of the Public Authorities Law, the real party in interest, as a matter of law, is NFT Metro (a subsidiary corporation of Niagara Frontier Transportation Authority) and that the applicable Statute of Limitations is one year, as set forth in subdivision 2 of section 1299-p of the Public Authorities Law.
These sections provide, in pertinent part, that NFT Metro shall "be liable, and shall assume the liability to the extent that it shall save harmless any duly appointed * * * employee of the authority, for the negligence of such * * * employee, in the operation of a vehicle * * * owned or otherwise under the jurisdiction and control of the authority” (Public Authorities Law, § 1299-p, subd 3). "An action against the authority founded on tort shall not be commenced more than one year after the cause of action therefor shall have accrued” (Public Authorities Law, § 1299-p, subd 2).
Plaintiffs commenced their suit on February 2, 1978 some one year and 12 days after the date of the accident herein, and chose to sue only the bus driver, defendant Pawlak, making no reference to his employer, NFT Metro.
In reliance on this court’s decision in Weiss v Niagara Frontier Transp. Auth. (68 Misc 2d 1059), plaintiffs now argue that if the one-year Statute of Limitations is applicable, the running of the statute did not commence, because of the combined effect of subdivision 1 of section 1299-p of the Public Authorities Law and CPLR 204 (subd [a]), until 30 days after the date of the accident. Plaintiffs, therefore, seek the court’s permission to amend their complaint to include the allega *534 tions mandated by subdivision 1 of section 1299-p of the Public Authorities Law which reads: "As a condition to the consent of the state to such suits against the authority, in every action against the authority for damages, for injuries to real or personal property or for the destruction thereof, or for personal injuries or death, the complaint shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the authority or other officer designated for such purpose and the authority has neglected and refused to make an adjustment or payment thereof.”
The defendant counters that the recent amendment to section 1299-p of the Public Authorities Law adding subdivision 6 and which provides that: "The provisions of this section which relate to the requirement for service of a notice of claim shall not apply to a subsidiary corporation of the authority”, makes inoperative the "statutory prohibition” of subdivision 1 of section 1299-p of the Public Authorities Law. As a result, defendant concludes the plaintiffs’ suit is time-barred for failure of service within one year after accrual of the cause of action, as measured from the date of accident. (Citing Christian v Village of Herkimer, 5 AD2d 62, affd 5 NY2d 818.)
While the court agrees with the defendant that the real party in interest is NFT Metro and should, therefore, be substituted as the named defendant (see Fitzgerald v Lyons, 39 AD2d 473) we cannot find that subdivision 1 of section 1299-p of the Public Authorities Law is now inoperative so as to remove the "statutory prohibition” against commencing suit within 30 days of the presentation of "demand, claim or claims”, which thereby effects a tolling of the Statute of Limitations, as distinguished from plaintiffs’ suggested 30-day extension of the statute.
The court believes that there are separate and distinct legislative purposes behind each subdivision of section 1299-p of the Public Authorities Law.
Historically, as a condition precedent to obtaining the consent of the State to sue either the State or any of its municipal subdivisions or public authorities, notice within a designated time period, of any occurrence giving rise to liability, was required. This allowed the State or its subdivisions, which might otherwise be unaware of such an occurrence because of the immensitites of governmental services, a fair opportunity *535 to conduct a timely investigation while facts and witnesses were still obtainable. (Public Authorities Law, § 1299-p, subd 2.)
However, in an apparent concession that subsidiary corporations within a public authority are sufficiently limited in their scope and services so that notice of occurrences flow easily back to the corporation, the Legislature recently added subdivision 6 to section 1299-p of the Public Authorities Law, removing formal notice as a condition precedent to suit. As against such subsidiary corporations then, the Legislature now believes that notice is no longer necessary, if not in fact unduly burdensome for the injured party.
On the other hand, subdivision 1 of section 1299-p of the Public Authorities Law which provides the 30-day prohibition against suit is founded on an entirely different legislative concern. Quite obviously, not every occurrence gives rise to a claim for tort Habilites. However, where demand or notice of claim is made, the 30-day statutory prohibition against institution of suit, affords the authority an opportunity to conduct a preliminary investigation and to evaluate the claim. If deemed valid, an "adjustment or payment thereof’ may be made by the authority. Thus the authority is relieved of the legal costs involved in making responsive pleadings and in preparing for litigation, and speedy compensation is made to the injured party.
The condition precedent of notice and the statutory prohibition against suit are not, therefore, inviolably married. In dispensing with the former, as it relates to subsidiary corporations of the authority, the Legislature did not, a fortiori, intend to repeal the latter. Thus, in the instant case, subdivision 1 of section 1299-p of the Public Authorities Law in concert with CPLR 204 (subd [a]), effects a tolling of the one-year Statute of Limitations for 30 days following demand or other notice of plaintiffs’ claim.
Accordingly, the court finds that as against NET Metro the plaintiffs’ suit was timely commenced and leave to amend the complaint to include the language of subdivision 1 of section 1299-p of the Public Authorities Law and to substitute NET Metro as a party defendant is hereby granted. (CPLR 3025, subd [b]; see, also, Barchet v New York City Tr. Auth., 20 NY2d 1, 5; Pepitone v Smith, 54 AD2d 754; 1 Weinstein-KornMiller, NY Civ Prac, par 204.03a, p 2-122.) Whether plaintiffs can establish that demand or other notice of claim was in fact *536 made to NET Metro within one year of the date of the accident is now a matter for proof at the trial court as a prima facie element of plaintiffs’ cause of action or for subsequent challenge for summary judgment.
The court further finds that plaintiffs’ final contention that defendant Pawlak, as a "State employee” is entitled to indemnification under subdivision 3 of section 17 of the Public Officers Law and, therefore, may be sued individually in Supreme Court within a three-year Statute of Limitations, is without legal merit. Plaintiffs misconstrue the court’s decision in Olmstead v Britton (48 AD2d 536) which, in interpreting the legislative intent of section 17 of the Public Officers Law, reinforced the pre-existing status of the law, whereby a State employee was held primarily liable for his negligence during his employment and the State held only secondarily liable.
Section 17 of the Public Officers Law, however, was not intended to cover individuals employed by lower governmental subdivisions or authorities, nor does it mandate an assumption of liability as does subdivision 3 of section 1299-p of the Public Authorities Law. Defendant, Pawlak, as an employee of NET Metro is not, therefore, an employee covered under section 17 of the Public Officers Law but rather falls within the purview of section 1299-p of the Public Authorities Law, which not only mandates that the authority assume liability but also affords it the protection of a one-year Statute of Limitations.
The defendant’s motion for summary judgment dismissing the plaintiffs’ complaint is denied and plaintiffs are directed to submit an order in accord with this decision.