ALFRED J. NIEMCZYK et al., Respondents, v HENRY L. PAWLAK, Appellant.

Fourth Department, July 10, 1980

APPEARANCES OF COUNSEL

*Jaeckle, Fleischmann & Mugel (David G. Brock* and *Jean C. Powers* of counsel), for appellant.

*Bennett, Di Filippo, Davison, Henfling & Alessi (Maurice L. Sykes* of counsel), for respondent.

## OPINION OF THE COURT

CARDAMONE, J.

We are asked to interpret the time limitations contained in section 1299-p of the Public Authorities Law. That section, in general, provides that "[a]s a condition to the consent of the state to * * * suits against the authority * * * the complaint shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented * * * and the authority has * * * refused * * * payment thereof" (Public Authorities Law, § 1299-p, subd 1). Subdivision 2 of the same section contains a one-year Statute of Limitations for actions against the authority founded on tort and also states that an action against the authority shall not be commenced unless a notice of claim has been served in compliance with section 50-e of the General Municipal Law (Public Authorities Law, § 1299-p, subd 2). Because an amendment to section 1299-p depleted the requirement of service of a notice of claim on a *subsidiary* of a public authority, the issue presented in this case is whether service on Niagara Frontier Transit Metro System, Inc. (NFT Metro), a subsidiary of the Niagara Frontier Transportation Authority, was timely made. For the reasons which follow, we believe that it was.

The facts may be briefly stated. On January 21, 1977 an automobile owned by plaintiff Genevieve Niemczyk and operated by plaintiff Alfred J. Niemczyk was involved in an accident with a bus owned by NFT Metro and operated by its employee, defendant Henry Pawlak. One year and 12 days later, on February 2, 1978, plaintiffs commenced an action by service of a summons and complaint on defendant Pawlak for injuries to Alfred J. Niemczyk. While NFT Metro was not named as a defendant in that action, it has since been named as the sole defendant in a separate action by plaintiffs.

Defendant Pawlak later moved for, and was granted, leave to amend his answer to assert as an affirmative defense that plaintiffs' cause of action was barred by the Statute of Limita-

tions. Defendant then moved on that ground to dismiss plaintiffs' complaint. Special Term denied defendant's motion and instead granted plaintiffs' motion that defendant's employer, NFT Metro, be substituted as the "real party in interest" in place of defendant Pawlak. It is from this order that the appeal is taken.

Turning to the timeliness of service, the parties concede that service upon defendant Pawlak must be commenced within the same time period required for an action against his employer, NFT Metro. Pawlak and NFT Metro argue on this appeal that plaintiffs were limited to one year from the date of the accident because of the amendment to section 1299-p. In 1976 the Legislature amended subdivision 6 of section 1299-p of the Public Authorities Law to provide that the provisions of section 1299-p "which relate to the requirement for service of a notice of claim shall not apply to a *subsidiary corporation* of the authority" (emphasis supplied; L 1976, ch 745). The purpose of the 1976 legislation was to liberalize the notice of claims provision of section 50-e of the General Municipal Law and to eliminate preconditions to suit which exist by reason of similar provisions contained in the Public Authorities Law (NY Legis Ann, 1976, pp 10-11).

The defendant contends that the elimination of notice of claim requirements has effectively eliminated the 30-day extension of the one-year Statute of Limitations under CPLR 204 (subd [a]). At first this argument has a certain logical appeal, but an analysis which considers the reason for liberalizing the notice of claim requirements and the purpose behind having the statute toll litigation against the public authority or its subsidiary have convinced us otherwise.

A reading of the legislative history makes clear that the lawmakers fully recognized that identification of a public authority and its subsidiary is a Byzantine-like area of the law. Notice of claim requirements even for a diligent claimant present an enormous burden because of the nearly "anonymous" character of a subsidiary, which is generally not specifically referred to in the statute which identifies the parent authority. In fact, what appears to be a private corporation has sometimes become a subsidiary of a public corporation (NY Legis Ann, 1976, p 10).

Further, it is plain from a reading of the language of subdivision 1 of section 1299-p of the Public Authorities Law,

and section 50-i of the General Municipal Law which it parallels, that the purpose of the 30-day tolling period is *not* to serve as a benefit for a plaintiff, providing an automatic extension of time within which a complaint must be served. Rather, as the statute reads, after the claim has been submitted, the public authority is granted a 30-day period of grace to evaluate the claim in order to determine whether it will attempt "to make an adjustment or payment thereof". This tolling period within which no action may be brought is noted in the legislative background of the 1959 amendments to section 50-i which harmonized the law with respect to claims against municipal corporations (NY Legis Ann, 1959, p 458). Since subdivision 1 of 1299-p of the Public Authorities Law tracks section 50-i, it should be construed in precisely the same way. In short, the 30-day tolling of the one-year Statute of Limitations is a benefit to the public authority or, in this case, its subsidiary, giving it an opportunity to settle or dispose of claims without incurring the burden and the expense of litigation *(Renwick v Town of Allegany,* 18 AD2d 877, 879 [HALPERN, J., concurring]). We conclude, therefore, that when the Legislature enacted the 1976 statute liberalizing notice of claim requirements, it did not intend to eliminate the tolling provisions contained in subdivision 1 of section 1299-p. To so hold would run contrary to the entire purpose of that legislation and merely create additional uncertainties in this already complex legal thicket while denying to the subsidiary of a public authority a statutory provision enacted for the public benefit.

We further observe that were we to hold otherwise a clear anomaly would be created, i.e., a suit against the Niagara Frontier Transportation Authority subject to the condition precedent that 30 days have elapsed since the notice of claim was filed—would be subject to a Statute of Limitations of one year with an additional tolled 30-day period. Yet, a similar suit or even one in the same action against NFT Metro, a subsidiary of the same public authority, would be time-barred after only one year. Such a holding would create frustration akin to the suffering of Sisyphus for the diligent claimant and the careful practitioner where service in the same action on the same day would be timely against the authority, but not timely against its negligent subsidiary. Finally, we note that the conclusion reached is consistent with a recent decision of this court interpreting an identical provision of the Public

Authorities Law (§ 1299-rr, subd 2) *(Yawn v Regional Tr. Serv.,* 61 AD2d 1126).

We, therefore, affirm Special Term's order which properly held that plaintiffs' action was timely commenced against the substituted real party in interest, NFT Metro (Public Authorities Law, § 1299-p, subd 3; CPLR 1001, subd [a]; Siegel, New York Practice, § 132, p 163; see *Fitzgerald v Lyons,* 39 AD2d 473, 474). The order also properly granted plaintiffs leave to amend their complaint to allege that at least 30 days have elapsed since the claim was presented, and NFT Metro has refused to make payment thereof (Public Authorities Law, § 1299-p, subd 1). We note, as did Special Term, that in order for plaintiffs to maintain their cause of action they will be required to prove, however, that a "demand, claim or claims upon which this action is founded was presented" within one year of the date of the accident.

The order should be affirmed.

DILLON, P. J., SCHNEPP, DOERR and WITMER, JJ., concur.

Order unanimously affirmed, with costs.