HARRY E. ANDERSEN, as Administrator of the Estate of ARTHUR H. ANDERSEN, Deceased, Respondent, v LONG ISLAND RAILROAD, Appellant, et al., Defendants.

MARK FLEMING et al., Appellants, v LONG ISLAND RAILROAD, Respondent.

Second Department, August 9, 1982

APPEARANCES OF COUNSEL

*Metnick & Bernstein, P. C. (Seymour H. Metnick* and *Mitchell Kaufman* of counsel), for appellant in the first above-entitled action.

*E. Allen Riebesehl (John P. Kle* of counsel), for respondent in the first above-entitled action.

*Rosenbaum, Lerman, Katz & Weiss (Wilson, Elser, Edelman & Dicker [James L. Fischer* and *Kenneth J. Balkan]* of counsel), for appellants in the second above-entitled action.

*Goldberg & Lysaght (Metnick & Bernstein, P. C. [Seymour H. Metnick]* of counsel), for respondent in the second above-entitled action.

### OPINION OF THE COURT

BROWN, J.

These appeals raise issues of statutory interpretation involving the provisions of section 1276 of the Public Authorities Law, which govern the commencement of actions against the Metropolitan Transportation Authority and its subsidiary corporations, including the Long Island Railroad which is a defendant in these actions. The relevant provisions of the statute, as originally enacted and amended through September 1, 1976, read as follows:

"Actions against the authority.

"1. As a condition to the consent of the state to such suits against the authority, in every action against the authority for damages, for injuries to real or personal property or

for the destruction thereof, or for personal injuries or death, the complaint shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the authority or other officer designated for such purpose and that the authority has neglected or refused to make an adjustment or payment thereof.

"2. An action against the authority founded on tort shall not be commenced more than one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been served on the authority within the time limited by and in compliance with all the requirements of section fifty-e of the general municipal law * * *

"6. Each subsidiary corporation of the authority shall be subject to the provisions of this section as if such subsidiary corporation were separately named herein, provided, however, that a subsidiary corporation of the authority which is a stock corporation shall not be subject to the provisions of this section except with respect to those causes of action arising on and after the first day of the twelfth calendar month following that calendar month in which such stock corporation becomes a subsidiary corporation of the authority."

On September 1, 1976 (L 1976, ch 745, § 4), subdivision 6 was amended to read:

"6. The provisions of this section which relate to the requirement for service of a notice of claim shall not apply to a subsidiary corporation of the authority. In all other respects, each subsidiary corporation of the authority shall be subject to the provisions of this section as if such subsidiary corporation were separately named herein, provided, however, that a subsidiary corporation of the authority which is a stock corporation shall not be subject to the provisions of this section except with respect to those causes of action arising on and after the first day of the twelfth calendar month following that calendar month in which such stock corporation becomes a subsidiary corporation of the authority."

On these appeals, the issues for our review are:

(1) whether the 1976 amendment to subdivision 6, which abolished the requirement of filing a formal notice of claim against the authority's subsidiary corporations set forth in subdivision 2, also eliminated the requirement set forth in subdivision 1, that a plaintiff allege in his complaint that at least 30 days have elapsed since a demand or claim was presented to the authority and that no adjustment or payment thereof has been made; and

(2) whether, in wrongful death actions against the authority and its subsidiary corporations, the applicable Statute of Limitations is the one-year period set forth in subdivision 2 of section 1276 of the Public Authorities Law, or the two-year period set forth in EPTL 5-4.1.

A brief statement of the facts in each of the cases before us is in order.

ANDERSEN V LONG ISLAND RAILROAD

Arthur H. Andersen was killed by a Long Island Railroad train while he was crossing the tracks near the Syosset station at about 11:13 A.M. on August 23, 1978. Plaintiff Harry E. Andersen's summons and complaint to recover damages for wrongful death, both dated August 14, 1980, were served on the defendant railroad on August 15, 1980. Said defendant's answer asserted as affirmative defenses, *inter alia,* lack of subject matter jurisdiction and the Statute of Limitations.

Plaintiff moved for leave to amend his complaint to include a cause of action for punitive damages. By an order dated December 18, 1980, Justice ROBBINS denied plaintiff's motion, without prejudice to renewal at a later time, pending final resolution by the Court of Appeals of the question of whether punitive damages may be recovered in a wrongful death action. By notice of motion dated January 6, 1981, plaintiff moved for leave to reargue the above motion and for leave to serve an amended complaint. Defendant cross-moved for summary judgment dismissing plaintiff's complaint. By an order dated February 23, 1981, Justice ROBBINS directed that both motions be held in abeyance pending a hearing on the issue of whether the railroad had actual notice of the accident which caused

plaintiff's decedent's death. At that hearing, the railroad's attorney conceded such actual notice.

Justice ROBBINS granted plaintiff's motion for reargument and for leave to serve an amended complaint, and denied the cross motion for summary judgment dismissing the complaint. He held that although "there was no formal notice to the [railroad] at least 30 days prior to the commencement of the suit and no mention of such notice was placed in the complaint", the "intent and purpose" of the requirements of subdivision 1 had been met. In so holding, Justice ROBBINS noted that the railroad had actual notice of the accident immediately upon its occurrence, that the Nassau County Police had investigated it, and that the railroad had conducted a thorough investigation of its own. In addition, the court, citing two decisions of this court (*Santaniello v De Francisco,* 73 Misc 2d 934, on rearg 74 Misc 2d 229, affd 44 AD2d 831; *O'Connor v Long Is. R. R.,* 63 AD2d 1015), determined that plaintiff's action was governed by the two-year Statute of Limitations for wrongful death actions and not the one-year period of subdivision 2 of section 1276. The railroad has appealed from the order.

On March 16, 1981, plaintiff served his amended complaint. The defendant railroad's answer asserted, *inter alia,* the following affirmative defenses: (1) lack of in personam and subject matter jurisdiction; (2) the Statute of Limitations; (3) the failure to make an appropriate demand or claim pursuant to section 1276 of the Public Authorities Law; and (4) the failure to state a cause of action. Plaintiff then moved, *inter alia,* to dismiss the above affirmative defenses. In a memorandum decision, Justice SPATT held that this portion of plaintiff's motion should be granted. His determination, for the most part, was based on the ground that the prior decision of Justice ROBBINS was the law of the case. The railroad has appealed from the order entered upon Justice SPATT's decision, "to protect itself in the event that it is successful on its appeal of the prior order of Mr. Justice Robbins."

### FLEMING V LONG ISLAND RAILROAD

Mark Fleming was injured on April 10, 1979, at 9:30 A.M., while leaving a Long Island Railroad train at the

Jamaica station. He and his wife, Sarah Fleming, served their summons and complaint on the defendant railroad on July 26, 1979. The only affirmative defense contained in its answer was that of comparative negligence. Plaintiffs took the deposition of Richard Herdter, a conductor for the railroad, who testified that he was present on the platform at the time of the accident and went to the aid of Mark Fleming. He thereafter completed an accident report in quintuplicate, which was standard procedure. On October 17, 1980, the railroad moved for summary judgment dismissing plaintiffs' complaint on the ground that they had failed to comply with the demand requirements of subdivision 1 of section 1276 of the Public Authorities Law. Plaintiffs opposed the motion and cross-moved for leave to amend their complaint to assert, *nunc pro tunc,* that a demand had been made. Justice BUSCHMANN granted defendant's motion and denied plaintiffs' cross motion. He held, on the basis of a then recent decision of the Supreme Court, Erie County (*Niemczyk v Pawlak,* 98 Misc 2d 532), that the 30-day demand requirement of subdivision 1 of section 1276 survived the 1976 amendment to subdivision 6 and that some demand or claim, although not rising to the level of a formal notice of claim, was required. He noted that plaintiffs "failed to present any evidence or even assert that a demand of any sort" was made upon the railroad. Plaintiffs have appealed from the resulting order.

In our analysis of the question common to both appeals, namely, the effect of the 1976 amendment to subdivision 6 of section 1276 of the Public Authorities Law on the 30-day demand rule of subdivision 1 of section 1276, we begin with the legislative history of the amendment, which was enacted as part of chapter 745 of the Laws of 1976. The common purpose of the various provisions of that chapter was to liberalize procedures in actions against municipal corporations and other governmental subdivisions. The most notable feature of the legislation was a wholesale revision and liberalization of the notice of claim requirements in actions against municipal corporations as contained in section 50-e of the General Municipal Law. The provision under consideration was added to several identi-

cal sections of the Public Authorities Law.[1] The memorandum of the Judicial Conference in support of the legislation, to the extent pertinent herein, follows:

"Each of the subdivisions to be amended relates to actions brought against a particular public authority, and provides that each subsidiary corporation of the authority shall be subject to the provisions of the section 'as if such subsidiary were separately named therein.' This means that a notice of claim upon the subsidiary is required before an action may be brought against such a subsidiary. An intolerable situation exists because many such subsidiaries are 'anonymous' in the sense that the corporate affiliation of the subsidiary is not a matter of general knowledge, and the subsidiary is not named specifically in the general statutory provision that imposes the notice of claim requirement. Thus, even a diligent claimant may serve only the parent public corporation, not realizing that a subsidiary must be served, or may fail to serve the notice of claim because he is unaware that what appears to be a private stock company has become a subsidiary of a public corporation. It is often difficult enough for a claimant to select which of two identified public corporations is the public corporation against which the claim exists. Even worse, to have to determine at the peril of the 90-day bar whether a notice of claim must be served upon what appears to be a private stock corporation is a burden no injured person should have to bear.

"The amendment would provide, however, that in all other respects, each subsidiary shall be subject to the provisions of the section as at present. Thus, no change would be made in subdivision 3 which states that the authority shall save harmless any officer or employee of the authority for his negligence in the course of his employment."

■ Clearly then, it was the intention of the Legislature in amending subdivision 6 of section 1276 of the Public Authorities Law, and its companion provisions, to prevent plaintiffs from falling into a procedural trap by failing to serve a notice of claim upon the proper subsidiary corporation of the appropriate authority. The amendment thus

---

1. See Public Authorities Law, §§ 1276, 1299-p, 1299-rr, 1317, 1342.

removed altogether the requirement of a formal notice of claim in actions against such subsidiary corporations. The question we address here is whether that same amendment also eliminated the requirement set forth in subdivision 1 of section 1276, that a plaintiff's complaint in such an action must allege that "at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the authority or other officer designated for such purpose and that the authority has neglected or refused to make an adjustment or payment thereof." We hold that it has not.

The 1976 amendment to subdivision 6 states: "The provisions of this section which relate to the requirement for service of a notice of claim shall not apply to a subsidiary corporation of the authority." The notice of claim requirement of subdivision 2 of section 1276 is thus unquestionably abolished. While conceding this point, the defendant railroad argues that the 30-day demand rule of subdivision 1 still remains in force. It contends that a failure to allege such a demand will render a complaint jurisdictionally defective and mandate its dismissal as a matter of law. Plaintiffs in both actions, however, argue that the 1976 amendment to subdivision 6 eliminated not only the notice of claim requirement, but also, by its terms, all the provisions of section 1276 "which relate to" that requirement, including, most notably, the 30-day demand rule of subdivision 1.

The railroad bases its argument principally on the 1979 opinion of the Supreme Court, Erie County, in *Niemczyk v Pawlak* (98 Misc 2d 532, *supra*), which was also relied upon by Special Term herein and which construed a provision of subdivision 6 of section 1299-p, the statute governing the commencement of suits against the Niagara Frontier Transportation Authority. That provision is identical to subdivision 6 of section 1276. Plaintiffs there sued a bus driver employed by NFT Metro, a subsidiary corporation of the Niagara Frontier Transportation Authority, to recover damages for personal injuries sustained in a collision with a bus driven by defendant. They commenced their action 1 year and 12 days after the date of the accident. Defendant moved for summary judgment dismissing plaintiffs' com-

plaint on the ground that since subdivision 3 of section 1299-p of the Public Authorities Law (identical to § 1276, subd 3) made his employer vicariously liable for his negligence, the employer and not he was the real party in interest, and consequently the action was governed by the one-year Statute of Limitations contained in subdivision 2 of section 1299-p (identical to § 1276, subd 2) and should be dismissed as time barred. Plaintiffs contended that the Statute of Limitations did not begin to run until 30 days after the date of the accident, pursuant to subdivision 1 of section 1299-p (identical to § 1276, subd 1), and sought the court's permission for leave to amend their complaint to include the statutorily required allegation of a demand or claim made at least 30 days prior to suit. Defendant, in response, argued that the 1976 amendment to subdivision 6 of section 1299-p (identical to § 1276, subd 6) had eliminated the 30-day demand rule of subdivision 1 and the consequent tolling of the Statute of Limitations, as well as the notice of claim rule contained in subdivision 2 of section 1299-p, and plaintiffs had only one year in which to commence their suit.

Special Term held that the 30-day demand rule of subdivision 1 survived the 1976 amendment to subdivision 6 and, thus, plaintiffs had an extra 30 days in which to commence an action. On appeal,[2] the Fourth Department, in a unanimous opinion by Justice CARDAMONE, affirmed (76 AD2d 84). The court reasoned, in part, as follows:

"A reading of the legislative history makes clear that the lawmakers fully recognized that identification of a public authority and its subsidiary is a Byzantine-like area of the law. Notice of claim requirements even for a diligent claimant present an enormous burden because of the nearly 'anonymous' character of a subsidiary, which is generally not specifically referred to in the statute which identifies the parent authority. In fact, what appears to be

---

[2] Neither Special Term nor the parties on the instant appeal seem to have been aware of this affirmance. The decision of the Supreme Court, Erie County, reported at 98 Misc 2d 532 is dated March 8, 1979. The Fourth Department's affirmance is of an order of that court entered June 21, 1979 and is not referenced in Shepard's Citations under 98 Misc 2d 532.

a private corporation has sometimes become a subsidiary of a public corporation (NY Legis Ann, 1976, p 10).

"Further, it is plain from a reading of the language of subdivision 1 of section 1299-p of the Public Authorities Law, and section 50-i of the General Municipal Law which it parallels, that the purpose of the 30-day tolling period is *not* to serve as a benefit for a plaintiff, providing an automatic extension of time within which a complaint must be served. Rather, as the statute reads, after the claim has been submitted, the public authority is granted a 30-day period of grace to evaluate the claim in order to determine whether it will attempt 'to make an adjustment or payment thereof'. This tolling period within which no action may be brought is noted in the legislative background of the 1959 amendments to section 50-i which harmonized the law with respect to claims against municipal corporations (NY Legis Ann, 1959, p 458). Since subdivision 1 of 1299-p of the Public Authorities Law tracks section 50-i, it should be construed in precisely the same way. In short, the 30-day tolling of the one-year Statute of Limitations is a benefit to the public authority or, in this case, its subsidiary, giving it an opportunity to settle or dispose of claims without incurring the burden and the expense of litigation (*Renwick v Town of Allegany*, 18 AD2d 877, 879 [HALPERN, J., concurring]). We conclude, therefore, that when the Legislature enacted the 1976 statute liberalizing notice of claim requirements, it did not intend to eliminate the tolling provisions contained in subdivision 1 of section 1299-p. To so hold would run contrary to the entire purpose of that legislation and merely create additional uncertainties in this already complex legal thicket while denying to the subsidiary of a public authority a statutory provision enacted for the public benefit." (76 AD2d, at pp 86-87.)

The court added that such a conclusion was necessary in order to avoid the procedural anomaly which would result if the 30-day period were to extend the Statute of Limitations in actions against a public authority but not in those against its subsidiary corporations.

We agree with the reasoning of our colleagues in the Fourth Department. We note further that the 1976 amend-

ment to subdivision 6 of section 1276 refers *expressly* only to "[t]he provisions of this section which relate to the requirement for service of a *notice of claim*" (emphasis supplied). Plaintiffs herein seem to be arguing that this amendment also *impliedly* repealed the 30-day demand rule in actions against subsidiary corporations of public authorities. Implied repeals are not favored by the courts, and should be found only where the legislative intent is so clear, or two statutory provisions are so mutually inconsistent, that the only possible conclusion is that an earlier enactment was in fact repealed by a later enactment (see McKinney's Cons Laws of NY, Book 1, Statutes, §§ 391, 392). In this case, however, there was no expressed legislative intent to effect such a repeal, and the abolition of the notice of claim requirement in actions against subsidiary corporations of public authorities is far from being literally inconsistent with the retention of the 30-day demand rule in such actions. In fact, Special Term in *Niemczyk v Pawlak* (*supra,* pp 534-535) noted that there are compelling reasons behind the Legislature's decision to repeal the notice of claim rule while retaining the 30-day demand rule:

"The court believes that there are separate and distinct legislative purposes behind each subdivision of section 1299-p of the Public Authorities Law.

"Historically, as a condition precedent to obtaining the consent of the State to sue either the State or any of its municipal subdivisions or public authorities, notice within a designated time period, of any occurrence giving rise to liability, was required. This allowed the State or its subdivisions, which might otherwise be unaware of such an occurrence because of the immensities of governmental services, a fair opportunity to conduct a timely investigation while facts and witnesses were still obtainable. (Public Authorities Law, § 1299-p, subd 2.)

"However, in an apparent concession that subsidiary corporations within a public authority are sufficiently limited in their scope and services so that notice of occurrences flow easily back to the corporation, the Legislature recently added subdivision 6 to section 1299-p of the Public Authorities Law, removing formal notice as a condition precedent to suit. As against such subsidiary corporations

then, the Legislature now believes that notice is no longer necessary, if not in fact unduly burdensome for the injured party.

"On the other hand, subdivision 1 of section 1299-p of the Public Authorities Law which provides the 30-day prohibition against suit is founded on an entirely different legislative concern. Quite obviously, not every occurrence gives rise to a claim for tort liabilities. However, where demand or notice of claim is made, the 30-day statutory prohibition against institution of suit, affords the authority an opportunity to conduct a preliminary investigation and to evaluate the claim. If deemed valid, an 'adjustment or payment thereof' may be made by the authority. Thus the authority is relieved of the legal costs involved in making responsive pleadings and in preparing for litigation, and speedy compensation is made to the injured party.

"The condition precedent of notice and the statutory prohibition against suit are not, therefore, inviolably married. In dispensing with the former, as it relates to subsidiary corporations of the authority, the Legislature did not, a fortiori, intend to repeal the latter. Thus, in the instant case, subdivision 1 of section 1299-p of the Public Authorities Law in concert with CPLR 204 (subd [a]), effects a tolling of the one year Statute of Limitations for 30 days following demand or other notice of plaintiffs' claim."

In addition, since the service of the demand tolls the one-year Statute of Limitations for 30 days, a plaintiff has a full year to serve his demand. We note finally that between the enactment of the 1976 amendment and the decisions in *Niemczyk v Pawlak* (98 Misc 2d 532, affd 76 AD2d 84, *supra*), there intervened several sessions during which the Legislature could have clarified its intentions by further amendment of the instant provisions, but did not do so. We therefore hold that the 30-day demand rule of subdivision 1 of section 1276 of the Public Authorities Law survived the 1976 amendment to subdivision 6.

■ With respect to the second issue before us in *Andersen,* namely which period of limitations is applicable in a

wrongful death case, the relevant provisions of section 1276 are as follows:

"Actions against the authority

"1. As a condition to the consent of the state to such suits against the authority, in every action against the authority for damages, for injuries to real or personal property or for the destruction thereof, or for personal injuries or death, the complaint shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the authority or other officer designated for such purpose and that the authority has neglected or refused to make an adjustment or payment thereof.

"2. An action against the authority founded on tort shall not be commenced more than one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been served on the authority within the time limited by and in compliance with all the requirements of section fifty-e of the general municipal law."

The railroad contends that the action is time barred because it is governed by the one-year Statute of Limitations contained in subdivision 2 of section 1276 of the Public Authorities Law. Plaintiff contends that the two-year Statute of Limitations for wrongful death actions contained in EPTL 5-4.1 is applicable. We hold that the action is governed by the one-year Statute of Limitations set forth in section 1276 and hence should be dismissed as time barred. A reading of the statute on its face supports our conclusion. Subdivision 1 of section 1276 refers to actions against the authority, "for damages, for injuries to real or personal property or for the destruction thereof, or for personal injuries or death". Subdivision 2, which contains the Statute of Limitations, refers to "[a]n action against the authority founded on tort". It is clear that the term "tort" encompasses all the actions referred to in the clause above, including "death". We are fortified in our conclusion by one of our earlier decisions, *Mikulka v New York City Tr. Auth.* (56 AD2d 595), which construed two provisions of section 1212 of the Public Authorities Law, that are identical with the provisions involved here, in the same manner.

The railroad and plaintiff both refer to two of our decisions, *Pepitone v Smith* (54 AD2d 754) and *O'Connor v Long Is. R. R.* (63 AD2d 1015, *supra*), in support of their arguments. Neither of those cases is controlling, since in neither one was the precise issue presently before us addressed. In *Pepitone v Smith* (*supra*) we held that plaintiff had the benefit of a 30-day tolling of the Statute of Limitations in a suit against the Long Island Railroad if he had in fact made and alleged the demand required by subdivision 1 of section 1276. We did not directly address the issue of which Statute of Limitations was applicable. Likewise, in *O'Connor* (*supra*), we held that plaintiff's action, commenced more than two years after the accident occurred, was time barred under both Statutes of Limitation without deciding which one applied. In *Santaniello v De Francisco* (73 Misc 2d 934, on rearg 74 Misc 2d 229, affd 44 AD2d 831, *supra*), the Supreme Court, Nassau County, did specifically hold that the two-year Statute of Limitations contained in EPTL 5-4.1 applied to wrongful death actions against the Long Island Railroad. The appeal therein involved only the issue of the tolling of the Statute of Limitations, and our brief memorandum affirming the order of Special Term did not address the issue we decide here.

■ In *Andersen,* therefore, plaintiff's complaint should be dismissed since it is time barred and also because it fails to comply with the statutory 30-day demand requirement. However, in *Fleming,* plaintiffs' failure to comply with this requirement does not necessarily mandate dismissal of their complaint. Rather, on the facts of said case, there exists a question as to the applicability of the doctrine of equitable estoppel which must first be resolved.

The Court of Appeals first articulated the doctrine of equitable estoppel as applied to notice of claim and related requirements in actions against the government and its subdivisions in *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662). In that case, the plaintiffs, who had sustained injuries as patients and employees in New York City municipal hospitals, served timely notices of claim on the city, and commenced their tort actions against the city within the Statute of Limitations. However, the Legislature had recently enacted a statute transferring authority

over those hospitals to the newly created New York City Health and Hospitals Corporation. Plaintiffs and their attorneys were unaware of this statutory development, which also required service of a notice of claim on the corporation. The city, through the Corporation Counsel, conducted discovery proceedings, including physical examinations, but never alerted plaintiffs to the procedural defect in their actions. When plaintiffs finally learned of the new statutory scheme and notice of claim requirements, they sued the Health and Hospitals Corporation. (In one action, the corporation successfully moved to dismiss the complaint, pleading the failure to comply with the statutory rule as an affirmative defense; in the other, plaintiffs were granted leave by the court to serve a notice of claim *nunc pro tunc*.) On appeal, the Court of Appeals held that, in the proper circumstances, a governmental subdivision should be equitably estopped from asserting a plaintiff's failure to comply with statutory requirements such as the instant notice of claim rule as a defense to his action. It reasoned as follows: "We believe that where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised. (See, generally, Applicability of doctrine of estoppel against government and its governmental agencies, Ann., 1 ALR2d 338; 2 Antieau, Municipal Corporations, § 16A.22; cf. *La Porto v Village of Philmont,* 39 NY2d 7.) The equitable bar to a defense may arise by virtue of positive acts, or omissions where there was a duty to act. By applying the doctrine of equitable estoppel to notice of claim situations, the courts may insure that statutes like section 50-e of the General Municipal Law, do not become 'a trap to catch the unwary or the ignorant' (see *Sweeney v City of New York,* 225 NY 271, 273)." (38 NY2d, at p 668.)

In the instant case Special Term limited its determination to the ground that plaintiffs' complaint failed to plead the requirements set forth in subdivision 1 of section 1276 of the Public Authorities Law. The issue of equitable estoppel raised by plaintiffs in their brief upon this appeal

has not heretofore been litigated or determined in this case, and a factual determination must be made before plaintiffs may invoke this doctrine to avoid dismissal of their complaint. If plaintiffs can establish their contention that the railroad wrongfully induced them to change their position to their prejudice, then the railroad may be estopped from asserting the defense that plaintiffs failed to comply with the 30-day demand rule of subdivision 1 of section 1276 of the Public Authorities Law. In view of the importance of establishing the facts constituting the alleged estoppel prior to such a judicial determination (see *Bender v New York City Health & Hosps. Corp., supra,* pp 668-669), we are not prepared to say, on the sparse record before us, that the railroad should be estopped from asserting its defense. Accordingly, the matter should be remitted to Special Term for a hearing at which findings of fact can be made and a determination reached.

■■ In summary, then, we hold, first, that the requirement set forth in subdivision 1 of section 1276, that the plaintiff in an action against the Metropolitan Transportation Authority and its subsidiary corporations must allege, in his complaint, that "at least thirty days have elapsed since the demand, claim or claims upon which such action is found were presented to a member of the authority or other officer designated for such purpose and that the authority has neglected or refused to make an adjustment or payment thereof", survived the 1976 amendment to subdivision 6 of section 1276. And, second, we hold that wrongful death actions against the same defendants are governed by the one-year Statute of Limitations contained in subdivision 2 of section 1276 of the Public Authorities Law, rather than the two-year Statute of Limitations contained in EPTL 5-4.1.

Accordingly, in *Andersen* the order of Special Term entered March 12, 1981 should be reversed insofar as it denied the railroad's cross motion for summary judgment dismissing the complaint and the cross motion should be granted, and the appeal from the order entered September 11, 1981, should be dismissed as academic in light of that determination. In *Fleming,* the order should be reversed

and the matter remitted to Special Term for a hearing in accordance with this opinion.

BRACKEN, J. P., NIEHOFF and RUBIN, JJ., concur.

In the first above-entitled action:

Order of the Supreme Court, Nassau County, entered March 12, 1981, reversed insofar as appealed from, on the law, without costs or disbursements, and cross motion of defendant Long Island Railroad for summary judgment dismissing the complaint as against it granted.

Appeal from a further order of the same court, entered September 11, 1981, dismissed, without costs or disbursements, in light of the determination on the appeal from the order entered March 12, 1981.

In the second above-entitled action:

Order of the Supreme Court, Queens County, entered January 29, 1981, reversed, without costs or disbursements, and case remitted to Special Term for further proceedings consistent with the opinion herein.