(August 25, 1986)

■ CAROL A. ALBANO, Respondent, v LONG ISLAND RAILROAD COMPANY, Appellant.—In a wrongful death action, the defendant appeals from an order of the Supreme Court, Suffolk County (De Luca, J.), dated May 24, 1984, which granted the plaintiff's motion to amend the complaint nunc pro tunc to include an allegation of compliance with the 30-day demand requirement of Public Authorities Law § 1276 (1) to the extent of estopping the defendant from asserting the failure to comply with said demand requirement, and denied its cross motion to dismiss the complaint.

Order reversed, on the law, with costs, the plaintiff's motion denied, the defendant's cross motion granted, and the complaint dismissed.

The plaintiff's decedent was struck and killed on June 11, 1980, in a collision between his vehicle and a train owned by the defendant the Long Island Rail Road Company. The plaintiff commenced this action by service of a summons and complaint on July 21, 1980. The complaint failed to allege that at least 30 days had elapsed since a demand or claim had been presented to a designated officer of the defendant and that the defendant had refused or neglected to make an adjustment or payment thereof as is required in suits of this nature against a subsidiary corporation of a public authority (Public Authorities Law § 1276 [1]; *Andersen v Long Is. R.R.*, 88 AD2d 328, *affd* 59 NY2d 657; *Fleming v Long Is. R.R.*, 88 AD2d 328, *affd* 59 NY2d 895). Issue was joined on or about August 12, 1980. Over two years later, following this court's decisions in *Andersen* and *Fleming*, the plaintiff moved to amend her complaint, nunc pro tunc, to allege compliance with the demand requirement of Public Authorities Law § 1276 (1). The defendant cross-moved for dismissal of the complaint for failure to comply with the statute.

Following a hearing on the issue, Special Term granted the plaintiff's motion, finding that the defendant was equitably estopped by its silence for over two years following the joinder of issue from asserting the plaintiff's failure to comply with the demand requirements of Public Authorities Law § 1276 (1). We reverse.

We cannot agree with Special Term's finding of an equitable estoppel under the facts of the case. In *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662, 668), it was stated: "We believe that where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised. (See, generally, Applicability of doctrine of estoppel against government and its governmental agencies, Ann., 1 ALR2d 338; 2 Antieu, Municipal Corporations, § 16A.22; cf. *La Porto v Village of Philmont*, 39 NY2d 7.) The equitable bar to a defense may arise by virtue of positive acts or omissions where there was a duty to act. By applying the doctrine of equitable estoppel to notice of claim situations, the courts may insure that statutes like section 50-e of the General Municipal Law, do not become 'a trap to catch the unwary or the ignorant' (see, *Sweeney v City of New York*, 225 NY 271, 273)". At the same time, however, it has been recognized that this rule constitutes only a very limited exception to the general

rule that the doctrine of equitable estoppel is inapplicable to governmental subdivisions acting in their governmental capacity and is to be invoked sparingly and only under exceptional circumstances *(Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93, n 1; *Matter of Gross v New York City Health & Hosps. Corp.,* 122 AD2d 793; *Luka v New York City Tr. Auth.,* 100 AD2d 323, *affd* 63 NY2d 667).

While we have recognized that the doctrine of equitable estoppel might be applied in cases such as this where there was a failure to comply with the demand requirements of Public Authorities Law § 1276 (1) *(see, Fleming v Long Is. R.R., supra),* the record at bar is devoid of any evidence indicating that the defendant acted wrongfully or negligently, or omitted to act where it had a duty to do so, thus inducing reliance by the plaintiff to her detriment. Absent such exceptional circumstances, there is no basis for equitably estopping the defendant from asserting the plaintiff's failure to comply with the demand requirement of the statute *(see,* Public Authorities Law § 1276 [1]; *Luka v New York City Tr. Auth., supra; Rosas v Manhattan & Bronx Surface Tr. Operating Auth.,* 109 AD2d 647).

We would also note our disagreement with the plaintiff's argument that the demand requirement of Public Authorities Law § 1276 (1) was satisfied by the alleged communication from the plaintiff's attorney to a Suffolk County police officer of his intent to commence an action, which communication was in turn passed on to two employees of the defendant. The plaintiff never presented a demand to a designated officer of, or any other person connected with, the defendant, and the passage of the communication from the police officer to the defendant's two employees, neither of whom appears to have been a designated officer of the defendant for purposes of the statute, cannot satisfy the demand requirement of the statute.

Since the plaintiff failed to make a demand in accordance with Public Authorities Law § 1276 (1) and there is no basis for estopping the defendant from asserting such failure, the complaint must be dismissed. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.