Requestor: Hon. H. Carl McCall, Chairperson, Board of Directors Harlem International Trade Center Corporation 163 West 125th Street New York, New York 10027
Written by: Robert Abrams, Attorney General
Your counsel has asked whether the statutory provisions relating to defense and indemnification of officers, directors and employees of the Urban Development Corporation (UDC) apply to the directors, officers and employees of the Harlem International Trade Center Corporation (HITCC).
Your counsel has informed us that the HITCC was incorporated in June of 1988 under provisions of the Business Corporation Law. HITCC was designed to be a subsidiary corporation to the Harlem Urban Development Corporation (HUDC), a wholly owned subsidiary of UDC. The certificate of incorporation for HITCC authorizes the issuance of 100 shares of common stock having no par value. Fifty-one shares are designated as HUDC common stock and 49 shares are designated UDC common stock. Under the certificate of incorporation and by-laws of HITCC, the holders of HUDC common stock are entitled to designate six members of HITCC's board of directors and the holders of UDC common stock are entitled to designate four members of the board of directors. These designations must be approved by the Governor of the State of New York and constitute the board of directors of the corporation.
HITCC was formed to provide for the development of a center for international trade in Manhattan to promote and develop trade between the United States and the nations of Africa, Latin America and the Caribbean and to foster better relations between Harlem and those nations. Certificate of Incorporation of HITCC.
The Urban Development Corporation is authorized to exercise its powers and functions through one or more subsidiary corporations. McKinney's Unconsolidated Laws § 6262(1). "The corporation [UDC] by resolution may direct any of its directors, officers or employees to organize a subsidiary corporation" under either the Business Corporation Law, the Not-For-Profit Corporation Law or the Private Housing Finance Law. Ibid. The resolution must prescribe the purposes of the subsidiary corporation which is to be formed. Ibid. "Such corporation shall be deemed a subsidiary corporation whenever and so long as (i) more than half of any voting shares of such subsidiary are owned or held by the corporation [UDC], or (ii) a majority of the directors, trustees or members of such subsidiary are designees of the corporation [UDC]." Ibid. The provision further provides that:
 "Each such subsidiary corporation shall have all the privileges, immunities, tax exemptions and other exemptions of the corporation [UDC] to the extent the same are not inconsistent with the statute or statutes pursuant to which such subsidiary was incorporated". Id., § 6262(2).
The question is whether section 6262(2) applies the defense and indemnification provisions applicable to UDC directors, officers and employees to the officers, directors and employees of HITCC.
First, we believe that UDC's enabling legislation permits the formation of a subsidiary to HUDC, a wholly owned subsidiary of UDC. In other instances, the Legislature expressly prohibited subsidiary corporations from forming subsidiaries. See, McKinney's Unconsolidated Laws § 7385(20)(c). In order to constitute a subsidiary of UDC, however, the statutory requisites must be met. UDC must direct any of its directors, officers or employees to organize a subsidiary corporation. Id., § 6262(1). Further, the corporation is deemed a subsidiary of UDC only so long as more than half of the voting shares are owned or held by UDC or a majority of the directors, trustees or members of the subsidiary are designees of UDC. Ibid.
If the HITCC is formed and is structured to comply with these statutory requirements, HITCC will constitute a subsidiary of UDC and under section 6262(2) will have all of the privileges, immunities and other exemptions applicable to UDC. These are questions of fact that can be determined by your counsel. If necessary, modifications can be made to the certificate of incorporation and by-laws to conform HITCC to these statutory requirements so that it constitutes a subsidiary corporation of UDC.
In our view, as a subsidiary of UDC, HITCC would receive the privileges and immunities accruing to UDC under section 6254(3a) of UDC's enabling legislation. See, 1980 Op Atty Gen 51, 54-55. We have found no indication in the statute nor in the legislative history that section 6262(2) would not apply UDC's defense and indemnification provision to a subsidiary of UDC. Under that provision, as in the case of UDC, the State would
 "save harmless and indemnify any person who shall have served as a director, officer or employee of . . . [HITCC] against financial loss or litigation expense arising in connection with any claim, demand, suit or judgment, or the defense thereof, based on a cause of action, whenever accrued, involving allegations that pecuniary harm was sustained by any person as a result of any transaction of the corporation". Id., § 6254(3-a).
This answers your counsel's first two questions concerning the applicability of UDC defense and indemnification provisions to HITCC.
Counsel also asks that we construe the scope of the defense and indemnification provision. Specifically, the question raised is whether the indemnification provision is broad enough to encompass all HITCC activities and projects. Counsel asks whether indemnification would cover costs incurred by HITCC's directors, officers and employees in defending against lawsuits where either injunctive relief is requested or monetary damages are claimed in relation to an HITCC project.
The provision indemnifies
 "against financial loss or litigation expense arising in connection with any claim, demand, suit or judgment, or the defense thereof, based on a cause of action . . . involving allegations that pecuniary harm was sustained by any person as a result of any transaction of the corporation. . . ." Ibid.
In our view, this provision includes within its scope any lawsuit against a director, officer or employee of HITCC that is based on a cause of action founded on an allegation of pecuniary harm suffered by the plaintiff resulting from a transaction of HITCC. Thus, the provision would encompass injunctive relief relating to allegations of pecuniary harm. We note that the indemnification provision would not apply to a director, officer or employee of HITCC
 "found by a final judicial determination not to have acted in good faith, for a purpose which he reasonably believed to be in the best interests of the corporation or not to have had reasonable cause to believe that his conduct was lawful". Ibid.
Finally, counsel asks whether section 17 of the Public Officers Law, providing for defense and indemnification of State employees, applies to directors, officers and employees of HITCC. For purposes of section 17, "employee" is defined as a person holding a position by election, appointment or employment in the service of the State.
HITCC is a corporation established under the Business Corporation Law as a subsidiary of UDC. HITCC directors, officers and employees, in our view, do not fall within the coverage of section 17. These persons are not in the service of the State. They are employed by HITCC, a corporation formed under the Business Corporation Law, having a legal status independent of the State. See, Niemczyk v Pawlak, 98 Misc.2d 532,536 (Sup Ct Erie Co 1977); 1982 Op Atty Gen (Inf) 32.
Further, consistent with this analysis, the Legislature has specifically added employees of certain public authorities and corporations to section 17. See, Public Officers Law § 17(1)(b), (d), (e). Thus, employees of these corporations and authorities were not thought to be covered by the general definition of employee in section 17 of the Public Officers Law.
We conclude that the Harlem International Trade Center Corporation would be a subsidiary of the Urban Development Corporation, provided that it were formed and structured consistent with statutory requirements. Once so established, the directors, officers and employees of HITCC will receive the same defense and indemnification protection applicable to directors, officers and employees of the Urban Development Corporation. Defense and indemnification would apply to any lawsuit involving a claim of monetary damages suffered by a person on account of activities of HITCC. Section 17 of the Public Officers Law does not apply to directors, officers and employees of HITCC.