■ ADELLE FREENEY et al., Respondents, v GARY MACKO, Individually and as Employee of C.N.Y. CENTRO, INC., Appellant.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiffs were injured on April 28, 1987 when the vehicle in which they were riding was struck by a bus owned by C.N.Y. Centro, Inc. (Centro) and operated by defendant Gary Macko. Plaintiffs commenced a negligence action against Centro on July 22, 1988, which was dismissed as untimely under the applicable one year Statute of Limitations for tort suits against a public authority (see, Public Authorities Law § 1342 [2]). On June 16, 1989 plaintiffs commenced the instant action against Macko individually and as an employee of Centro.

Supreme Court erred in denying Macko's motion to dismiss the action as time-barred. Since Macko is entitled to indemnification from Centro, Centro is the real party in interest and the short Statute of Limitations applicable to Centro is also applicable to Macko, as an employee (see, Albano v Hawkins, 82 AD2d 871). Section 17 of the Public Officers Law is not applicable (see, Niemczyk v Pawlak, 98 Misc 2d 532, 536). (Appeal from Order of Supreme Court, Onondaga County, Miller, J.—Summary Judgment.) Present—Callahan, A. P. J., Doerr, Boomer, Green and Davis, JJ.

■ CHARLES NUDD, JR., et al., Appellants, v TOWN OF RIDGEWAY et al., Respondents.—Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Miles, J. (Appeal from Judgment of Supreme Court, Orleans County, Miles, J.—Declaratory Judgment.) Present—Callahan, A. P. J., Doerr, Boomer, Green and Davis, JJ.