Harold B. Soden, J.
This is a motion pursuant to CPLB 3211 for summary judgment dismissing the plaintiff’s complaint. The issues raised are of apparent first impression in New York State and involve significant questions of law and statutory construction. A brief summary of the basic facts and of the prosecution of the main action is necessary.
In 1966, the Counties of Essex and Franklin in Northern New York State, acting jointly and pursuant to the provisions of article 126 of the Education Law of the State of New York created the North Country Community College, the named defendant herein. Shortly thereafter the real property for the North Country Community College’s main campus was obtained by a gift of the abandoned real property of the General Hospital of Saranac Lake in Essex County. Title to the real property was taken in the name of “ North Country Community College “ a community college under and by virtue of the laws of the State of New York, sponsored by the counties of Essex and Franklin, with its principal place of business at Winona Avenue, in the Village of Saranac Lake, Essex County, State of New York” (Deed recorded in the office of the Essex County Clerk on December 13, 1967 at Book 461 of Deeds at page 67). The General Hospital of Saranac Lake had secured this court’s permission to convey such property without consideration by an order dated November 30, 1967. It is worthy to note at this time that pursuant to the provisions of subdivision 4 of section 6306 of the Education Law, the title to this real property should properly vest in and be held jointly by the local sponsors, the Counties of Essex and Franklin.
The plaintiff, Lawrence Brown, was a student at the North Country Community College. His complaint alleges that on or *444 about February 27, 1969 he was walking on the main campus of North 'Country Community College when he was caused to stumble, slip and fall upon rough mounds or ridges of snow and ice and, as a result, sustained certain bodily injuries and damages. The complaint further alleges acts of negligence proximately causing plaintiff’s injuries and damages.
The complaint was served on the business manager of the North Country Community College on or about January 29, 1970. On o.r about March 4, 1970, the present motion was brought by the sponsors of the college, the Counties of Essex and Franklin. (For purposes of this motion, the moving party shall be hereinafter referred to as the “ defendant ”.)
During the pendency of the present motion, the defendant has served an answer to the plaintiff’s complaint. The answer is a general denial but also sets forth live separate and complete defenses to plaintiff’s action. Three of these complete defenses are the bases for a portion of the present motion to dismiss. The court will decide the merits of such defenses in its determination of the present motion.
The defendant moves for dismissal of plaintiff’s complaint upon the following grounds:
(1) That this court lacks jurisdiction of the subject matter;
(2) That this court lacks jurisdiction of the person named as the defendant, the North Country Community College;
(3) That the complaint fails to state a cause of action.
The court will consider each ground in the above listed order.
The complete defense of lack of subject matter jurisdiction raised by the defendant is limited in its scope by the defendant to the question of whether the plaintiff’s action should have been instituted in the Court of Claims. It is argued that the degree of control by the Board of Trustees of the State University of New York clearly indicates that community colleges such as the North Country Community College are adjuncts of the State University of New York corporation and suable only in the Court of Claims.
Community colleges such as the North Country Community College are not a part of the State University of New York corporation (Education Law, § 352, subd. 3; § 350). This court has jurisdiction of the subject matter. The complete defense, numbered “Third” in defendant’s answer, is without merit and is dismissed, and those portions of the defendant’s answer as the “Second” complete defense, premised on this ground as appears at paragraphs “4” and “6” thereof, are also dismissed.
*445 The second ground for dismissal of the complaint that this court lacks personal jurisdiction over the named defendant, North Country Community College, centers upon the status of a community college in the State of New York. It is claimed in support of this ground for dismissal that the North Country Community College is not an entity capable of being individually and independently sued. Defendant’s position is that the named defendant, North Country Community College, is solely an adjunct or branch of its sponsors, the county governments of the Counties of Essex and Franklin. From this, the defendant then argues that as an adjunct or a branch of a county governmental body, the provisions of section 52 of the County Law and sections 50-e and 50-i of the General Municipal Law must be complied with. It is conceded by plaintiff that no notice of claim, pursuant to the above-cited sections, was served upon either of the sponsoring counties or upon the Board of Trustees of the North Country Community College.
Having previously determined that the North Country Community College is not a part of the State University of New York corporation, it is necessary to determine exactly what a community college such as the North Country Community College herein is in a legal jurisdictional sense. The plaintiff alleges that the North Country Community College is “a domestic corporation chartered under the Education Law of New York, but not an agency or instrumentality of the State of New York”. The defendant denies this, and defendant claims that the North Country Community College is “not a separate legal entity but is subject to the control of the sponsoring counties and the State University of the State of New York ”. This position is also maintained in defendant’s answer at paragraph 4.
Careful study of the enabling legislation (Education Law, art. 126) and its legislative history (of which this court was only able to secure a minute portion), the administrative rules and regulations concerning community colleges (8 NYCRR Part 600) and the very limited treatise and case law authority dealing with community colleges in this and other States fails to supply the answer to this basic question. In one recently reported case, a community college was referred to as a “ partnership ” (Meyer v. Wiess, 25 A D 2d 174). However, that characterization was directed towards the status and relationships between the various bodies, such as the sponsor and the board of trustees, having interrelating and overlapping duties in the management of a community college. That descriptive characterization is not germane to the present issue.
*446 It is the opinion of this court that a community college such as the North Country Community College is an independent entity. The North Country Community College was created by its sponsors pursuant to the authority of article 126 of the Education Law subject to the approval of the State University Trustees (Education Law, § 6301, subd. 2; § 6302, subd. 1, par. a). It is limited in its independence in certain areas as when the statute requires that its acts either have the consent of the sponsor or of the State University Trustees or both. However, such restraint on its independence or authority to act does not change the fact that it has, for want of a better word, a life or existence of its own.
As an independent entity, the question as to the necessity for compliance with section 52 of the County Law, and sections 50-e and 50-i of the General Municipal Law, must be considered. It is significant that if the North Country Community College were located in the City of New York, compliance with section 50-e of the General Municipal Law would be unquestionable (Education Law, § 6308). Certainly if the Legislature had intended to require injured parties to comply with sections 50-e and 50-i of the General Municipal Law and other similar notice statutes, it could have readily required .such when it added this provision in 1957. The North Country Community College is not a “public corporation” as required by subdivision 1 of section 50-e of the General Municipal Law (General Corporation Law, § 3, subd. 1). A “ community college ” is not within the enumerated governmental units set forth in section 50-i of the General Municipal Law.
The fact that the sponsoring county governments are the “ employers ” for the personnel of the community college under article 14 of the Civil Service Law (the so-called Taylor Act), does not, in my opinion, make the board of trustees of the college and the college’s professional and nonprofessional staffs, county officers, agents, servants or employees within the meaning of subdivisions 1 and 2 of section 52 of the County Law, requiring service of a notice of claim. Under subdivision 1 of section 6306 of the Education Law five of the trustees of the board of trustees are appointed by the sponsor while four of said board of trustee members are appointed by the Governor alone. This hoard then has the authority to appoint the president of the community college subject .only to the approval of the State University Trustees (Education Law, § 6306, subd. 2). The president of the community college has the complete authority to appoint or hire the remainder of the college’s professional and nonprofessional staff.
*447 For the reasons stated above, it is the opinion of this court that it has jurisdiction over the named defendant, North Country Community College, and that compliance with the provisions of section 52 of the County Law, and sections 50-e and 50-i of the General Municipal Law, is not a condition precedent to the maintenance of the present action. The defendant’s motion in this respect is denied and its complete defense, numbered “Fourth” in its answer, is dismissed as without merit, and those portions of the second complete defense in its answer premised on such ground at paragraphs “ 4 ” and “ 5 ” of the answer are also dismissed.
The third ground for dismissal of the complaint in the present motion is naturally somewhat interrelated to the two previous grounds and the factual and legal issues raised therein. However, this ground has a larger scope in that the court must examine the entire complaint for the key allegations sufficient to constitute a valid cause of action in negligence.
The complaint basically alleges a fall-down type of accident allegedly resulting from the negligence of the defendant, its agents and employees. The named defendant, North Country Community College, is the record owner of the property where this accident occurred. The named defendant, through its board of trustees, has the duty to maintain and keep in good repair and condition the premises where the accident occurred (Education Law, § 6306, subd. 5). The complaint further alleges that the plaintiff sustained personal injuries and damages resulting from such alleged negligence. The complaint is sufficient under present day standards of pleadings (C’PLR 3013). The defendant’s motion in this respect is also denied.
Submit order in accordance with this decision with $20 costs to plaintiff. The North Country Community College, as the named defendant, is granted permission to serve an amended answer in conformity with this decision to the plaintiff’s complaint within 20 days following notice of entry of an order in accordance with this decision.