Jacob Ark, J.
This is a motion by the defendant County of Monroe for the dismissal of the complaint in each action on the ground that it does not state facts sufficient to constitute a cause of action against it.
The action by plaintiff Horacek-Hayden, Inc. arises out of a contract for electrical work done by the plaintiff in the con *197 struction of the campus of the Monroe Community College. The plaintiff Betlem Corporation seeks to recover an amount which it claims is due by reason of heating, ventilating and air conditioning work performed in the construction of the college campus.
Pursuant to article 126 of the Education Law (§§ 6301-6308) the County of Monroe became the local sponsor of the Monroe Community College. Although these causes of action stem from contracts to which the defendant County of Monroe was not a signatory, the Board of Supervisors adopted a resolution (1965 — No. 335) authorizing the defendant Monroe Community College to execute them. They involve capital costs of the college.
By section 6304 (formerly 6305) the county as a local sponsor provided one half of the capital costs and the other half was obtained by State financial aid. The money spent by the college for operating costs is met by equal contributions from State financial aid, the sponsor, through its taxing power, and the students ’ tuition and fees.
In Grimm v. County of Rensselaer (4 N Y 2d 416, 421) the court held that article 126 of the Education Law was constitutional and a county was warranted in incurring indebtedness for the establishment of a community college, as it was for a county purpose. In Meyer v. Wiess (25 A D 2d 174, 178, 179) the court held that the local sponsor has ‘‘ full responsibility for financial supervision, complete to seemingly the most minor details ’ ’ and 1 ‘ is also the only entity empowered by the Legislature to hold the real property.” These actions involve capital costs in connection with the improvement of real property.
The Board of Regents governs the University of the State of New York (Education Law, § 202) and is authorized to incorporate an institution whose purposes are, in whole or in part, of educational or cultural value, and an institution or association which might be incorporated by the Regents may with the consent of the Commissioner of Education (appointed by the Regents, Education Law, § 101) be formed under the Business Corporation Law or the Membership Corporations Law (Education Law, § 216). A community college has no corporate existence as it is not an institution incorporated by the Board of Regents or under any other law, but is established upon compliance with article 126 of the Education Law. This requires the approval of the trustees of the State University of New York (§§ 355, ,subd. 1, par. c and 6301, subd. 2), which is a corporation created in the State Education Department and within the University of the State of New York.
*198 A community college is an instrumentality of its sponsor and in the instant actions the college executed the contracts as an agent or alter ego of the County of Monroe, which is a necessary party under subdivision (a) of CPLR 1001.
If the plaintiffs had not made the county a party to the actions, it is very likely that the court would have done so under CPLR 1003. (Matter of Figari v. New York Tel. Co., 32 A D 2d 434, 438.)
The motion in each action is denied.