■ In the Matter of ABRAHAM WEINSTEIN et al., Appellants, v. RALPH G. CASO, as County Executive of the County of Nassau, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to enjoin the respondents from (1) attempting to recover possession of premises occupied by petitioners, (2) attempting to receive rents for the occupation of said premises, (3) requiring petitioners to provide maintenance for said premises and (4) requiring petitioners to provide their own fire and liability insurance coverage, petitioners appeal from a judgment of the Supreme Court, Nassau County, dated October

1, 1973, which dismissed the petition. Judgment reversed, on the law, without costs, and petition reinstated, with leave to respondents to answer the petition and with direction to petitioners to apply at Special Term to bring in the Board of Trustees of the Nassau Community College as a party and to convert this proceeding into an action for a declaratory judgment. The time within which the present respondents may answer the petition is extended until 20 days after entry of the order to be made hereon. Petitioners are all professors in the Nassau Community College, an institution established pursuant to article 126 of the Education Law. Petitioners have been permitted to reside "rent-free" in certain on-campus one-family homes which were formerly part of the Mitchell Air Force Base and were granted to the County of Nassau in 1962 for the use of the Nassau Community College. The campus housing policy statement under which petitioners were selected contained the following: "Use of the one family houses on campus by administrative and faculty personnel of the college and other persons associated with the college is essential to the proper functioning of the college"; and a number of resultant educational benefits from such utilization were listed therein. Subsequent to the issuance of this statement, in an attempt to change this policy, the County of Nassau, as local sponsor of the college (Education Law, § 6301, subd. 3), prepared and forwarded leases to petitioners which, inter alia, reserved rent at the rate of $250 per month for each petitioner. The respondent county officials have proceeded in this proceeding on the theory that subdivision 4 of section 6306 of the Education Law, which provides that "title to real property * * * shall vest in and be held by the local sponsor in trust for the uses and purposes of the community college", established the requisite authority for the county's action. We disagree with that interpretation. Section 6306 of the Education Law, which provides for the administration of community colleges, establishes an unequal partnership between boards of trustees and local sponsors (see Meyer v. Wiess, 25 A D 2d 174), but it is beyond peradventure that, in the implementation of educational policy deemed necessary for the effective operation of the college and in the use of college buildings and other facilities, the board of trustees ordinarily has sole authority, subject to the implicit balance of power contained in article 126 (see Education Law, § 6306, subds. 2, 5). Here, the board of trustees' decision to permit "rent-free" occupation by selected members of the faculty was made for the benefit of the college and in furtherance of the college's purposes. Such a policy, if it is to be changed, must be changed by the board of trustees, which is enjoined by law (Education Law, § 6306, subd. 2) to "discharge such other duties as may be appropriate or necessary for the effective operation of the college." In our opinion, any issues concerning the respective rights and obligations of the parties, including the board of trustees, arising from the "on-campus housing policy" should be determined only after a plenary hearing within the guidelines hereinabove set forth. Hopkins, Acting P. J., Shapiro, Brennan and Benjamin, JJ., concur. [75 Misc 2d 323.]