Elizabeth W. Pine, J.
Plaintiff has attempted to commence an action against Corning Community College, with venue set in the County of Rensselaer, by service upon the president of the college.
Defendant has moved to set aside service of the summons as improper on the ground that defendant has no corporate existence, that the proper defendant is its local sponsor, the Corning City School District, and that the individual served is not a proper person on whom service against the school district may be made, and, in the alternative, for a change of venue under CPLR 504 (subd 2).
The threshold question which must be addressed is whether a community college has an identity of its own so that it is capable of being a party to a legal proceeding. The court has reviewed the cases cited by the parties, which come to opposite conclusions. (Brown v North Country Community Coll., 63 Misc 2d 442; Horacek-Hayden v County of Monroe, (65 Misc 2d 196.)
This case is clearly answered in the affirmative by the Appellate Division, Second Department, which ordered petitioners to add the Board of Trustees of Nassau Community College as a party. (Matter of Weinstein v Caso, 44 AD2d 690.)
Pursuant to CPLR 2001, the court directs that the defendant in this proceeding is correctly designated henceforth as Board of Trustees of Corning Community College.
The next question to be addressed is how service upon this defendant may be made. The board of trustees of a community *56 college is not one of the governmental subdivisions enumerated in CPLR 311. Therefore, service must be made as provided in CPLR 312 which specifies that a board is served by delivering the summons to the chairman or other presiding officer, the secretary or clerk or equivalent official, or if they do not exist, to a board member.
In view of the affirmance by the Court of Appeals of the Appellate Division in Board of Trustees of Common School Dist. No. 2 of Town of Dickinson v Commissioner of Educ. (40 AD2d 239, affd 33 NY2d 601), holding that the Commissioner of Education was the equivalent of a secretary or clerk of the Committee of Regents, it is clear that this language is to be broadly construed, and this court finds service on the president of the community college sufficient under CPLR 312.
Finally, the court holds that defendant is entitled to a change in venue under CPLR 504 (subd 2). As a public board serving the city school district, it is clearly the intent of the Legislature to include this type of entity under section 504. (Twelfth Annual Report of NY Judicial Conference, 1967, p 22.)