HON. RALPH I. GREENHOUSE County Attorney, Onondaga County
This is in response to the letter of D. Jeffrey Gosch, Deputy County Attorney, wherein he asks for an opinion of the Attorney General relating to the County of Onondaga as local sponsor of the Onondaga Community College. The specific questions are as follows:
 "1. If a member of the Board of Trustees of the Community College for which the County acts as the local sponsor is sued individually for acts committed as a trustee must the County defend and indemnify?
 "2. If the County does not have the absolute obligation to so defend and indemnify may it consent to do so? If it may so consent, must the County legislature authorize the defense and indemnification or may it be a determination of the County Attorney?
 "3. If the County must not defend or indemnify or cannot consent or refuses to do so, may the trustees purchase insurance to cover such liability and make it a charge on the College budget?
 "4. Finally, if the County must defend or indemnify or voluntarily consents to do so and an award of damages is made, are such damages a charge on the County budget or the College's operating budget?"
Section 6302 of the Education Law authorizes any "local sponsor acting through its local legislative body or board" to establish a community college subject to approval by the state university trustees.
Section 6301(3) of the Education Law defines a "local sponsor" as follows:
 "3. `Local sponsor.' Any city, county, intermediate school district, or school district approved by the state university trustees, sponsoring or participating in the establishment or operation of a community college." (Emphasis supplied.)
In an informal opinion of the Attorney General, dated April 30, 1976 and addressed to Hon. Marvin I. Honig, County Attorney of the County of Rensselaer, we concluded in part:
 "Absent a conflict between the County of Rensselaer and the Hudson Valley Community College, the Board of Trustees of said College is not authorized to employ the services of an attorney, other than the Rensselaer County Attorney, to advise the College officials and appear for the College or its officers in litigation * * *."
We premised our conclusion in part on the language contained in Meyer vWiess, 25 A.D.2d 174 (3d Dept, 1966), wherein the Court stated:
 "Examining further into the statutory scheme, we note that the county board's all-pervasive and inclusive control in matters of capital and of capital finance, as indeed of income, is repeatedly indicated in the provisions of article 126 * * * The Legislature's clear intent, implicit in its commitment to the local sponsor of full responsibility for financial supervision, complete to seemingly the most minor details * * *."
Under present law, members of school boards, trustees and executive officers are not personally liable in tort for negligence while acting in their official capacity in good faith. The Court, in Bassett v Fish,75 N.Y. 303, 310, 314 (1878), stated:
 "As a general rule, whenever one has suffered injury from the negligence of an administrative officer, who therein acts contrary to or neglects to act in accordance with his official duty, an action lies on behalf of him injured: (Hover v Barkhoof, 44 N.Y., 113, and cases there cited.). And such an officer is also liable for the misconduct or negligence, in the scope of their employment, of those employed by or under him, voluntarily or privately, and paid by or responsible to him: (Shepherd v Lincoln, 17 Wend., 250.)
* * *
 "* * * But it is not seen how a member of a corporate body, upon which body a duty rests, can be held individually liable for the neglect of its duty by that body. There is no duty upon him to act individually. His duty is as a corporator, and it is to act in the corporation in the way prescribed for its action, and by the use of its powers and means. And if there is neglect to exert its powers or all its means, it is the neglect of the body and not of the individuals composing it."
In Herman v Board of Education of Union School District No. 8,234 N.Y. 196, 200 (1922), the Court stated:
 "Boards of education have been held responsible for negligence when their own corporate acts in the discharge of their corporate duties is the negligence complained of. The members of the board as such act only as members of the corporation and not individually. They are not the hired agents of the corporate body engaged to act in their private capacity. Their corporate character protects them from individual liability where their official character is the opportunity or occasion of the neglect. If they neglect to discharge the duties immediately imposed upon them by law, the neglect is that of the corporate body and not of the individuals composing it."
The proposition that an individual trustee is immune from suit only applies to negligence arising from an act performed within the scope of his authority. In Bassett v Fish, supra, at page 313, the Court stated:
 "* * * It is true that if any one of the defendants had done a wrongful act, willfully or negligently, upon the premises of the district, from whence injury came to teacher or scholar, he would ordinarily be liable; but not because he was a trustee or a member of the board of education, but because he was the person doing the act. * * *"
The preceding paragraph makes it clear that when a trustee acts without the scope of his authority, he may be individually liable because the acts committed were not committed as a trustee. In such case, the county attorney is prohibited from defending and the county from indemnifying the trustee since such services and indemnity would constitute a gift to an individual by a municipality which is prohibited by New York State Constitution, Article VIII, § 1, which provides in part:
 "No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual * * *."
In Brown v North Country Community College, 63 Misc.2d 442 (Supreme Court, Essex County, 1970), the Court stated:
 "It is the opinion of this court that a community college such as the North Country Community College is an independent entity. The North Country Community College was created by its sponsors pursuant to the authority of article 126 of the Education Law subject to the approval of the State University Trustees (Education Law, § 6301, subd. 2; § 6302, subd. 1, par. a). It is limited in its independence in certain areas as when the statute requires that its acts either have the consent of the sponsor or of the State University Trustees or both. However, such restraint on its independence or authority to act does not change the fact that it has, for want of a better word, a life or existence of its own." (See, Stockwicz v Corning Community College, 393 N.Y.S.2d 541 [Supreme Court, Rensselaer County, 1977].)
Section 53 of the County Law provides that a county shall be liable for damage, injury or death sustained by reason of the torts of its "officers, agents, servants, and employees." Section 54 provides that no head of any "agency, department, bureau or office of a county" shall be held personally liable but rather that the county be liable. A member of a board of trustees of a county sponsored community college is neither an officer nor employee of the county nor the head of any agency of the county. There are no provisions of law authorizing a county to indemnify such trustees.
In Seaman v Fedourich, 16 N.Y.2d 94 (1965), Judge Fuld stated:
 "It is axiomatic that local governmental units are creatures of, and exercise only those powers delegated to them by, the State (N.Y. Const., article. IX, §§ 1, 2; Municipal Home Rule Law, §§ 10, 11) * * *."
From the foregoing, we answer your questions numerically:
In response to Question No. 1, a member of the Board of Trustees of the Onondaga Community College is immune from suit as an individual when he acts in good faith within the scope of authority granted to him as Trustee and therefore the County Attorney may defend him only in such official capacity and in no event may the County indemnify the Community College or the Trustee when such Trustee acts without the scope of his official authority.
In response to Question No. 2, the County Attorney may not defend and the County may not consent to such defense and indemnify a member of the Board of Trustees sued individually for acts committed without the scope of the Trustee's authority.
In response to Question No. 3, since the County may not provide prohibited defense and indemnification as indicated in responses to Questions No. 1 and No. 2 above, likewise the Board of Trustees of the Community College may not purchase insurance to cover such liability and make it a charge on the College budget since such purpose is unauthorized, per se, and such action could not be taken by the Trustees without approval of the County Board even if otherwise authorized.
In response to Question No. 4, when the County Attorney defends a Trustee acting in good faith within the scope of his authority and an award of damages is made, such damages would be a charge against the College's operating budget since while the County as a local sponsor has full responsibility for financial supervision of the College (Meyer v Wiess,supra); nevertheless, the College has an "existence of its own" and is "an independent entity" (Brown v North Country Community College,supra). However, in view of the conclusion reached in the informal opinion of the Attorney General, dated April 30, 1976 and addressed to Hon. Marvin I. Honig, County Attorney of the County of Rensselaer, the defense of a Trustee by the County Attorney when such Trustee acted in good faith within the scope of his authority would be a proper function of the County Attorney within the realm of his duties.