■ HENRY P. STOCKWICZ, Respondent, v BOARD OF TRUSTEES OF CORNING COMMUNITY COLLEGE, Appellant.—Case held, decision reserved and matter remitted to Special Term, Steuben County, for further findings in accordance with the following memorandum: Plaintiff instituted an action against Corning Community College by service of a summons on Donald Hangen, president of the college. Defendant moved to vacate service on the ground that service on the president did not confer jurisdiction over the college; that the city school district of the City of Corning is the local sponsor of the college and as such is a necessary party to the action; and alternatively, for a change of venue from Rensselaer County where the action was instituted, to Steuben County, where Corning Community College is located. Special Term, Steuben County, denied the motion to vacate but granted the motion transferring venue to Steuben County. On authority of *Matter of Weinstein v Caso* (44 AD2d 690) Special Term also decided that a community college must be sued through its board of trustees and thus redesignated the defendant, pursuant to CPLR 2001, as Board of Trustees of Corning Community College. Special Term found further that the service upon defendant was governed not by CPLR 311 but by the requirements of CPLR 312, providing that service on a board is effected by delivering a summons to the chairman or other presiding officer, secretary or clerk, or a board member, and that such requirement was satisfied by service on the president. Defendant appeals from that determination. No cross appeal has been taken from that portion of the order granting defendant's motion for a change of venue. We are unable to reach a determination of the issues on the record before us. Article 126 of the Education Law, which provides a comprehensive plan for the establishment, administration, and funding of community colleges, delegates authority and duties variously between the local sponsor and the board of trustees of the college, all under the supervision of the State University Trustees. It is clear that the authority of the board of trustees is strictly limited and that authority for many of the functions of the college is vested in the local sponsor *(Meyer v Wiess,* 25 AD2d 174) but that, on the other hand, certain functions are within the sole responsibility of the board of trustees *(Matter of Weinstein v Caso, supra).* It is also clear that the board of trustees may delegate the authority for hiring and firing to the president, who is the board's appointee (Education Law, § 6306, subd 2). It may well be that the duties delegated to the president by the board would

make him a proper party for service under CPLR 312 but we cannot determine on the record before us what those duties are. It will therefore be necessary for Special Term to conduct a hearing for the purpose of establishing the necessary elements in accordance herewith. (Appeal from order of Steuben Supreme Court—service, parties.) Present.—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ. [90 Misc 2d 55.]