■ CURT C. NIRENBERG, Respondent, v COUNTY OF ULSTER, Appellant.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered February 14, 1985

in Ulster County, which granted plaintiff's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Plaintiff seeks damages for injuries sustained in an automobile accident that occurred on or about July 6, 1983, purportedly due to the defective condition of an Ulster County highway. Thereafter, in July 1984, defendant was served with a summons with notice and responded with a notice of appearance. Without first seeking judicial approval, plaintiff served defendant with a notice of claim on September 26, 1984. On November 13, 1984, plaintiff moved for permission to file a late notice of claim. Despite defendant's opposition to the request as untimely, Special Term granted the motion, giving rise to this appeal.

We reverse. An application for an extension in which to file a late notice of claim must be made within one year and 90 days after the cause of action accrues, unless the statute is otherwise tolled (General Municipal Law § 50-e [5]; § 50-i [1]; *Pierson v City of New York,* 56 NY2d 950). Here, the period was tolled until August 4, 1983, plaintiff's 18th birthday *(see,* CPLR 208; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Lewis v New York City Tr. Auth.,* 100 AD2d 896). Even with the benefit of the infancy toll, it is clear that plaintiff failed to seek an extension prior to the expiration of the Statute of Limitations. Thus, Special Term was without authority to grant the requested relief *(see, Pierson v City of New York, supra; Matter of Welsh v Berne-Knox-Westerlo Cent. School Dist.,* 103 AD2d 950, 951; *Gibbons v City of Troy,* 91 AD2d 707, 708; *Moran v City of Albany,* 73 AD2d 1010).

Order reversed, on the law, without costs, and application denied. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.