OPINION OF THE COURT
Gerard M. Weisberg, J.
In his memorandum approving a 1979 amendment to the Education Law, then Governor Hugh L. Carey described the *1050 Fashion Institute of Technology (F.I.T.) as being "unique among the State’s” community colleges. (Executive memorandum, "Community College Programs”, 1979 McKinney’s Session Laws of NY, at 1773.) Our research has disclosed that it is sui generis from a legal, as well as academic perspective. For a litigant, the jurisdictional channel leading to this institution is filled with hazards because of its hybrid nature.
On this motion for permission to file a late claim under Court of Claims Act § 10 (6), we must determine whether this court is empowered to hear a cause of action arising on the premises of F.I.T. Claimant,[1] Deanna Amato, was allegedly injured on September 19, 1985, when she slipped and fell on a stairway in one of the buildings there. A dangerous and defective condition caused the incident, it is urged.
Defendant, State of New York, contends that this court lacks jurisdiction to hear the claim. Specifically, it is argued that F.I.T. is not part of the State University of New York (SUNY), a corporation "created in” New York State Education Department. (Education Law § 352 [1]; see, Education Law § 101.) This is correct. (Education Law § 352 [3].)[2] Thus, the cause of action cannot be characterized as being against the State of New York. (See, Court of Claims Act § 9.) Defendant also contends that F.I.T. is actually a community college within the City University of New York (CUNY). The Court of Claims only has jurisdiction to hear causes of action sounding in tort allegedly committed by senior colleges of that entity. (Education Law § 6224 [4].) If defendant is correct, we do not have the statutory basis to hear this case.
F.I.T. is neither part of SUNY or CUNY. It is a community college sponsored by the Board of Education of the City of New York (Board of Education). (Education Law § 2587 [1] [a].) That entity is separate and distinct from CUNY. (See, Education Law § 6203; Gold v City of New York, 80 AD2d 138, 140; Bicjan v Hunter Coll., 116 Misc 2d 978, 980.) Interestingly, F.I.T. may offer baccalaureate and Master’s degree programs even though it is administered and financed in the manner provided for community colleges. (Education Law § 6302 [3].) This authorization makes F.I.T. unique among the State’s *1051 community colleges. (See, Executive memorandum, "Community College Programs”, 1979 McKinney’s Session Laws of NY, at 1773-1774.) An examination of F.I.T.’s current catalogue, of which we take judicial notice, supports this observation of its singular status. (Fashion Institute of Technology Undergraduate Catalogue, at 3, 228-229 [1985-1987]; see also, 1985-1986 Green Book [Official Directory of City of NY], at 82; see, Richardson, Evidence § 52 [10th ed].)
Who then would be the proper defendant in this action and in what forum? To answer this question it is necessary to examine the relationship between the various parties involved in the administration of F.I.T. In doing so, we note that pertinent case law is not uniform on this point.
The sponsor and board of trustees of a community college have been described as being in an "unequal partnership”. (Matter of Weinstein v Caso, 44 AD2d 690, 691.) Here, the Board of Education, as sponsor, may be vested with the powers of the board of trustees. (Education Law § 6306 [3].) Or, the trustees may be appointed in the manner provided for community colleges generally. (Education Law § 6306 [3].)
It has been held that a community college’s board of trustees is an indispensable party in a suit involving the "rent-free” utilization of the institution’s real property even though title was vested in the local sponsor. (Matter of Weinstein v Caso, supra; see, Education Law § 6306 [4].) This conclusion was based on the fact that the board of trustees is enjoined by law to "discharge such other duties as may be appropriate or necessary for the effective operation of the college.” (Education Law § 6306 [2].) In contrast, it has also been observed that a sponsoring governmental entity does not divest itself of all functions pertaining to the operation of a community college. Specifically, it has been determined that the board of trustees is "of strictly limited authority” and that the local sponsor is required "to exercise firm and close control of the financial structure of the college and its fiscal operations”. (Meyer v Wiess, 25 AD2d 174, 176, 177.) This raises the possibility that the sponsor is an indispensable party in a suit against a community college. (See, Stockwicz v Board of Trustees of Corning Community Coll., 61 AD2d 883, 90 Misc 2d 55.) Finally, it has also been suggested that a community college itself is an entity independently subject to the exercise of a court’s jurisdiction. (Brown v North Country Community Coll., 63 Misc 2d 442.)
*1052 An examination of Education Law article 126 reveals that, except in cases of a community college region, title to the college’s real property vests in the local sponsor in trust for the institution, while title to personal property vests in the board of trustees. (Education Law § 6306 [4].) That latter body, however, also has "care, custody, control and management of the lands, grounds, buildings, facilities and equipment” used by the school. (Education Law § 6306 [5].) The statutory scheme contains many other interrelated and overlapping duties. For example, although the board of trustees administers the college, it cannot enter into contracts or agreements with the Federal Government to enable participation in the Federal student loan program without the approval of the local sponsor. (Education Law § 6306 [7].) This dual nature of operation, maintenance and control leads to the conclusion that either the board of trustees, as the body with the immediate obligation for the running of the college, or the sponsor, as owner of the college grounds and as the entity with certain ultimate responsibilities, may be sued in this action. Education Law § 6308, which requires the sponsor to defend and indemnify the trustees with respect to any civil judicial proceeding, contemplates and thus supports this view.
We discern nothing in the Education Law to support a finding that F.I.T. is an independent legal entity, all powers pertaining to its operation being vested in either the trustees or the sponsor. Since only the Board of Education or the trustees of F.I.T. are amenable to suit, the requirements of General Municipal Law must be met. (General Municipal Law § 50-e [1] [a], [b]; cf. Brown v North Country Community Coll., 63 Misc 2d 442, 446, supra.) The proper forum would either be the Supreme Court of the State of New York or the Civil Court of the City of New York.
Having found that this court lacks the statutory authority to hear this claim, we are precluded from granting claimant’s motion. Absent jurisdiction, the claim cannot be said to have merit. (See, Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 11.) Accordingly, the motion is denied.

. Incorrectly designated in the caption of moving papers as "Plaintiff”. A suitor in the Court of Claims is properly denominated as "Claimant”.

. Nevertheless, F.I.T. appears in two official New York State directories under headings dealing with the State University of New York. (1985-1986 NY Red Book, at 721-722; 1984-1985 NY Legis Manual, at 551.)