█ RUDY N. SIAHAAN, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Queens County (Graci, J.), dated September 30, 1985, which (1) failed to grant its motion to dismiss the complaint as against it for failure to comply with General Municipal Law §§ 50-e and 50-i; (2) deemed the plaintiff's response to its motion a cross motion for leave to serve a late notice of claim pursuant to those statutes; and (3) granted the cross motion.

Order modified on the law, by deleting the provision thereof granting the cross motion, and substituting therefor provisions granting the motion, denying the cross motion, and dismissing the action as against the appellant and severing the action as

to the nonmunicipal defendants. As so modified, order affirmed, without costs or disbursements.

The plaintiff's application to serve a late notice of claim was made after the expiration of the one-year and 90-day Statute of Limitations with regard to the plaintiff's claim against the City of New York. As such, Special Term was without authority to grant leave to serve a late notice of claim, absent a finding of an equitable estoppel (see, General Municipal Law § 50-e [5]; *Pierson v City of New York*, 56 NY2d 950; *Ferrara v Terryville Fire Dist.*, 110 AD2d 749). The record is barren of any facts to support a finding of an equitable estoppel against the defendant City of New York. Accordingly, the motion by the city to dismiss the complaint as to it is granted and the cross motion for leave to serve a late notice of claim is denied. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.