■ SHARON G. BUTTERFIELD et al., Respondents, v BOARD OF TRUSTEES OF SCHENECTADY COUNTY COMMUNITY COLLEGE, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Dier, J.), entered June 13, 1986 in Schenectady County, which, *inter alia,* partially granted plaintiffs' motion to dismiss certain of defendant's affirmative defenses and denied defendant's cross motion for summary judgment dismissing the complaint.

The issue on appeal is whether a notice of claim is a condition precedent to a tort action against a community college located outside the City of New York.[1] Plaintiff Sharon G. Butterfield allegedly sustained personal injuries while on the premises of Schenectady County Community College. On December 17, 1985, she and her husband commenced this action by service of a summons with notice naming Schenectady County Community College as defendant.[2] A complaint was served on February 10, 1986. Defendant's answer contained several affirmative defenses including the assertion that plaintiffs failed to file a timely verified notice of claim.

On May 7, 1986, plaintiffs moved to dismiss, *inter alia,* the fourth affirmative defense asserted by defendant, i.e., that

1. Claims against a community college of the City University of New York clearly require compliance with the notice of claim provisions of General Municipal Law §§ 50-e and 50-i *(see,* Education Law § 6224).

2. Supreme Court noted that defendant should properly be designated as the Board of Trustees of Schenectady County Community College and directed that the caption be changed pursuant to CPLR 2001 *(see, Stockwicz v Corning Community Coll.,* 90 Misc 2d 55).

plaintiffs' failure to serve a notice of claim barred the action. Alternatively, plaintiffs requested an extension of time in which to file a notice of claim. Defendant cross-moved for summary judgment. Supreme Court held that a notice of claim was not required in a suit against a community college. The court thus dismissed that affirmative defense and denied defendant's motion for summary judgment. Defendant appeals.

Schenectady County is the local sponsor which established Schenectady County Community College (see, Education Law § 6301 [3]; § 6302). As the local sponsor, Schenectady County is under a statutory obligation to indemnify the board of trustees if a judgment is rendered against them in this action (see, Education Law § 6308). Since Schenectady County is under a statutory duty to indemnify the trustees, it is a real party in interest regardless of the fact that it was not named as a defendant in the lawsuit (see, Sandak v Tuxedo Union School Dist. No. 3, 308 NY 226, 231). When a public corporation such as Schenectady County (see, General Construction Law § 66 [1], [2]) has a statutory obligation to indemnify its employees, a plaintiff who chooses to sue only the public corporation's employees must nevertheless comply with the provisions of law pertaining to the commencement of an action against the public corporation (Derlicka v Leo, 281 NY 266; Fitzgerald v Lyons, 39 AD2d 473; see, 21st Ann Reports of NY Jud Conf, at 358, 377-378). Further, Education Law § 6308 (6) provides that the obligation of a claimant to give notice to the local sponsor under any provision of law remains in effect. The notice of claim provisions of General Municipal Law §§ 50-e and 50-i are a condition precedent to the assertion of a claim, such as the one at bar, against a county (County Law § 52). Hence, compliance with the notice of claim requirements was a condition precedent to this suit against the trustees of Schenectady County Community College. Failure to comply with the notice of claim provisions is fatal unless leave to serve a late notice of claim is granted (see, Mills v County of Monroe, 59 NY2d 307).

Here, plaintiffs admit failing to serve a notice of claim. Thus, the only remaining issue is whether plaintiffs' alternative request for permission to file a late notice of claim should be granted. Plaintiffs' request was made more than one year and 90 days after the occurrence of the event which formed the basis of this suit. Consequently, plaintiffs are precluded from being granted leave to file a late notice of claim (see,

*Pierson v City of New York,* 56 NY2d 950; *Nirenberg v County of Ulster,* 119 AD2d 882).

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion to dismiss the fourth affirmative defense; motion to dismiss said affirmative defense denied, cross motion by defendant for summary judgment granted and complaint dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.