■ MARY MYRICK, Individually and as Administrator of the Estate of JASON S. FRANKLIN, Deceased, Respondent, v COUNTY OF SUFFOLK et al., Defendants, and VILLAGE OF SOUTHAMPTON, Appellant.—In an action, *inter alia,* to recover damages for wrongful death and conscious pain and suffering, etc., the defendant Village of Southampton (hereinafter the village) appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 2, 1987, which (1) denied its motion, pursuant to CPLR 3211 (a) (5), to dismiss all of the causes of action in the complaint, except the cause of action to recover damages for wrongful death, as time barred by General Municipal Law § 50-i and (2) granted the plaintiff's cross motion for leave to serve a late notice of claim as to those causes of action.

Ordered that the order is reversed, on the law, with costs, the defendant village's motion to dismiss all of the causes of

action in the complaint, except the cause of action to recover damages for wrongful death, is granted, and the plaintiff's cross motion for leave to serve a late notice of claim as to those causes of action is denied.

The plaintiff's intestate, a 12-year-old boy at the time of his death, was drowned on June 17, 1985, when he entered a sump, allegedly owned and maintained by the village. Letters of administration were granted to the plaintiff, the mother of the infant, on March 31, 1986. On April 30, 1986, the plaintiff served a notice of claim upon the village seeking damages for:

"Wrongful death

"Loss of companionship and services of son

"Psychic trauma

"Pain and suffering".

On or about October 27, 1986, the plaintiff commenced an action against the village. Thereafter, the village moved, pursuant to CPLR 3211 (a) (5), to dismiss all of the causes of action in the complaint, except the wrongful death cause of action, on the ground that they were time barred by the 1-year-and-90-day period of limitation contained in General Municipal Law § 50-i. The plaintiff cross-moved, by notice of motion dated December 9, 1986, for leave to serve a late notice of claim as to those causes of action.

The Supreme Court, Suffolk County, denied the village's motion and granted the plaintiff's cross motion. The order appealed from must be reversed.

The plaintiff's derivative causes of action (see, Liff v Schildkrout, 49 NY2d 622) were clearly time barred since they were not commenced within the 1-year-and-90-day period of limitation provided in General Municipal Law § 50-i (1) (Dunaway v Staten Is. Hosp., 122 AD2d 775). The causes of action to recover damages for the infant's personal injuries, and his conscious pain and suffering, were also time barred pursuant to General Municipal Law § 50-i (1). Nor was the applicable period of limitation tolled by reason of "disability because of infancy" as provided for in CPLR 208. With respect to the derivative claim, it is well settled that "[e]xtensions granted by tolling the Statute of Limitations are personal ones and do not apply to derivative claims" (Wenthen v Metropolitan Transp. Auth., 95 AD2d 852, 853). With respect to the causes of action concerning the infant's personal injuries and conscious pain and suffering, the record indicates that the plaintiff's intestate died "immediately". Thus, there was no period during which the period of limitation could be tolled as to

those causes of action by reason of the disability of infancy *(see, O'Connor v Long Is. R. R.,* 89 Misc 2d 225, 226, *affd* 63 AD2d 1015, *lv dismissed* 48 NY2d 668).

In view of our determination, we need only add that the Supreme Court, Suffolk County, also erred, as a matter of law, in granting the plaintiff's cross motion for leave to serve a late notice of claim. The plaintiff's cross motion was not made within the applicable 1-year-and-90-day period of limitation. Under the circumstances, the Supreme Court, Suffolk County, lacked the authority to permit the late service of a notice of claim *(see, Pierson v City of New York,* 56 NY2d 950). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.