■ BRYANT M. LOPEZ et al., Respondents, v BRENTWOOD UNION FREE SCHOOL DISTRICT, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered December 8, 1987, which denied its motion to dismiss the complaint for failure to timely serve a notice of claim and granted the plaintiffs' cross motion to deem their notice of claim timely served nunc pro tunc.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' cross motion is denied, the defendant's motion is granted, and the complaint is dismissed.

The record reveals that the plaintiff Bryant Lopez allegedly sustained personal injuries on May 16, 1983, while he was present on the defendant's premises. The plaintiffs concede that they served their notice of claim upon the defendant after the expiration of the 90-day period within which such service was to be made as required by General Municipal Law § 50-e (1) (a). Hence, it is undisputed that such service was untimely. Thereafter, on June 1, 1985, the plaintiff Bryant Lopez reached the age of majority, and the plaintiffs timely commenced the present action within 1 year and 90 days of that date (see, General Municipal Law § 50-i [1] [c]; CPLR 208). The defendant subsequently moved to dismiss the complaint for failure to timely serve a notice of claim, and the plaintiffs cross-moved for an order deeming their late notice of claim timely served. By order entered December 8, 1987, the Supreme Court, Suffolk County, denied the defendant's motion, granted the plaintiffs' cross motion, and, "in the exercise of its discretion", deemed the notice of claim timely served nunc pro tunc. We now reverse.

While General Municipal Law § 50-e (5) sets forth the factors which a court shall consider in determining, in its discretion, whether to grant leave to serve a late notice of claim or to deem a notice of claim timely served (see generally, Matter of Reisse v County of Nassau, 141 AD2d 649; Matter of Brand v Fulton County, 133 AD2d 893), that provision also

expressly states that "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation". This language "means that the application for the extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued" (*Pierson v City of New York*, 56 NY2d 950, 954; *see, Matter of Lopez v City of New York*, 123 AD2d 765). In the present case, while the 1-year-and-90-day period within which the plaintiff Bryant Lopez could commence his action was tolled by reason of his infancy (*see*, CPLR 208; *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256), the plaintiffs did not cross-move for the requested relief until approximately 11 months after the expiration of this period. Accordingly, even if it is assumed that the plaintiffs could establish that their delay in serving the notice of claim was attributable to infancy (*see, Matter of Sampson v Cazzari*, 142 AD2d 681), denial of their cross motion was required. The plaintiffs' failure to timely seek the requested relief within the 1-year-and-90-day period deprived the court of the authority to exercise its discretion to grant the application (*see, e.g., Myrick v County of Suffolk*, 139 AD2d 633; *Butterfield v Board of Trustees*, 131 AD2d 963; *Siahaan v City of New York*, 123 AD2d 620; *Nirenberg v County of Ulster*, 119 AD2d 882; *Ferrara v Terryville Fire Dist.*, 110 AD2d 749; *Hochberg v City of New York*, 99 AD2d 1028, *affd* 63 NY2d 665). Dismissal of the complaint is therefore appropriate. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.