OPINION OF THE COURT
Aldo A. Nastasi, J.
This is an action for the reimbursement of tuition funds by the Katonah-Lewisboro School District from the defendant Carmel Central School District. Plaintiff contends that defendant is liable for the expenses for a handicapped student for the school year 1986-1987. The summons and complaint were served on August 9, 1989. No notice of claim or lawsuit was filed until this action was commenced.
Defendant now moves to dismiss the complaint pursuant to *72 CPLR 3211 (a) (5). Defendant contends that pursuant to subdivision (2-b) of section 3813 of the Education Law the applicable Statute of Limitations for an action to recover money from a school district is one year and that this action should be dismissed with prejudice. Plaintiff opposes the application and argues that section 3813 is inapplicable.
This court must agree with plaintiff’s contention that this action seeks to recover the cost of tuition pursuant to Education Law § 3202 (4) (b) and, as such, is in the opinion of this court a lawsuit to vindicate a public interest (see, Valhalla Union Free School Dist. v Somers Cent. School Dist., 98 Misc 2d 365, 366). Therefore, it is not subject to the notice of claim requirements of Education Law § 3813 (1).
Nevertheless, the court can find no basis for concluding that the Statute of Limitations provisions of subdivision (2-b) are inapplicable. In short, while a notice may not be required, or an extension of time to file such granted, this court lacks authority to grant an extension of time which would exceed the time limitations for the commencement of the action (cf., Pierson v City of New York, 56 NY2d 950, 954; Butterfield v Board of Trustees, 131 AD2d 963, 964). Here, it is not disputed that the plaintiff’s cause of action, if any, accrued in June 1987. Thus, having failed to commence the instant action within the one-year period mandated by section 3813 (2-b), the instant complaint must be and is hereby dismissed.