■ PHILIP ZIMMERMAN, Respondent, v CITY OF NEW YORK, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the City of New York appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 7, 1989, which granted the petition.

Ordered that the order is reversed, on the law, with costs, and the proceeding is dismissed.

The record indicates that the petitioner allegedly sustained personal injuries as the result of a fall on property owned by the City of New York on March 20, 1986. On or about October 8, 1986, he sought leave to serve a late notice of claim under General Municipal Law § 50-e (5). By order dated February 23, 1987, the motion was denied without prejudice to renew. Thereafter, on or about July 10, 1987, the petitioner renewed his prior application, but the motion was denied in its entirety by order dated September 21, 1987. On or about December 23, 1988, the petitioner commenced the instant proceeding for leave to file a late notice of claim. The city opposed the petition, *inter alia,* on the ground that the court lacked authority to entertain the proceeding because more than 1 year and 90 days had elapsed since the accrual of the claim. By order dated March 7, 1989, the court granted the petition, reasoning that the petitioner had presented adequate evidence demonstrating that the city had notice of the accident. We now reverse.

It is well settled that under General Municipal Law § 50-e (5), an application for leave to file a late notice of claim "may be made before or after the commencement of the action *but not more than one year and 90 days after the cause of action accrued" (Pierson v City of New York,* 56 NY2d 950, 954 [emphasis supplied]). The instant proceeding for permission to file a late notice was commenced some 2 years and 9 months after the claim accrued, and did not relate back to the prior applications by the petitioner for this relief *(see, Matter of Lopez v City of New York,* 123 AD2d 765; *Thomas v City of New York,* 102 AD2d 867). Moreover, the petitioner's appellate claim that he is entitled to a 14-month extension of the 1-year-and-90-day period because he allegedly filed a notice of appeal from the order denying his application upon renewal and subsequently withdrew his appeal without ever perfecting it is without merit. He cites no statutory or decisional authority to support this contention, and it is clear in this case that the acquisition of a substantial extension during the pendency of an appeal which is not perfected and which is later withdrawn would frustrate the purpose of the time limitations set forth in General Municipal Law § 50-e.

Additionally, we need not consider the petitioner's claim that he is entitled to a toll of some seven months during which his unsuccessful initial application and renewal motion were pending before the court *(see, Giblin v Nassau County*

*Med. Center,* 61 NY2d 67). The record demonstrates that even if the petitioner is credited with this seven-month toll, the instant proceeding was still commenced long after the 1-year-and-90-day period elapsed. Accordingly, the petitioner's failure to timely commence the instant proceeding within the requisite 1-year-and-90-day period deprived the court of the authority to grant the petition *(see, e.g., Lopez v Brentwood Union Free School Dist.,* 149 AD2d 474; *Myrick v County of Suffolk,* 139 AD2d 633; *Siahaan v City of New York,* 123 AD2d 620).

In any event, we note that the granting of the petition was improper on, the merits. The evidence submitted by the petitioner, consisting solely of an ambulance report stating that he had fallen and sustained injury and an entry from a police officer's memo book which merely indicated that the officer responded to the scene, is woefully inadequate to establish that the city ever "acquired actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]) and warranted denial of the petition *(see generally, Caselli v City of New York,* 105 AD2d 251, 255-256). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.