OPINION OF THE COURT
Henry F. Zwack, J.
In this personal injury action, defendants Board of Trustees of Hudson Valley Community College and Hudson Valley Community College (HVCC) move to dismiss pursuant to General Municipal Law § 50-i, based upon plaintiffs failure to properly serve said defendants. Plaintiff opposes the motion.
HVCC defendants contend that they have not been properly served with a notice of claim as required by General Municipal Law §§ 50-e and 50-i. They submit that plaintiff attempted to serve the moving defendants by serving a notice of claim upon the Rensselaer County Attorney and that the County Attorney is not authorized to accept service on behalf of the HVCC defendants.
Plaintiff opposes the motion and argues that the County Attorney of the County of Rensselaer was served, which effected service upon the County as a named party and upon the County as the local sponsor of HVCC. Plaintiff contends that the notice of claim was not required to be served upon the Board of Trustees of HVCC.
The court has reviewed the applicable statutes as well as the case law cited by the parties. The court concurs with plaintiff that the applicable statutes do not expressly require service upon the Board of Trustees. The court did not find the case law cited by the parties to be directly on point with the facts of this case. In Planck v SUNY Bd. of Trustees, an attorney for the community college had appeared in that case and then plaintiff failed to serve the amended complaint upon that attorney, while serving the county attorney (18 AD3d 988 [3d Dept 2005]). Planck is distinguishable based upon the appearance of an attorney for the community college in that case. In Butterfield v Board of Trustees of Schenectady County Community Coll., the court held generally that notice of claim requirements are a condition precedent to a suit against the trustees of a community college (131 AD2d 963 [3d Dept 1987]). There was no specific holding in Butterfield that the board of trustees did or did not have to be served with a notice of claim. In Stockwicz v Board of Trustees of Corning Community Coll., the court did not make a final determination as to whether CPLR 311 or 312 applied (61 AD2d 883 [4th Dept 1978]). The court concurs with *431 plaintiff that there is no state case law or statutory law that states that a notice of claim must be served directly on the board of trustees of a community college.
This court did find a federal court opinion applying New York law which directly addressed this issue (Feingold v Hankin, 269 F Supp 2d 268 [SD NY 2003]). In that case, the federal court noted the absence of New York case law directly on point on this issue. After an analysis of New York statutory law, the federal court held that personal jurisdiction over Westchester Community College was not obtained by service on its trustees and that service on the county, which may be upon the county attorney, was required. CPLR 311, and not CPLR 312, was found to apply.
Based upon applicable New York statutory law, this court finds that the motion to dismiss by the HVCC defendants must be denied. It is undisputed that a notice of claim was a condition precedent to the present action (General Municipal Law §§ 50-e, 50-i). The court finds that service upon the County Attorney was proper service upon the County, the local sponsor of HVCC, and that the Board of Trustees was not required to be served separately (Education Law §§ 6306, 6308; CPLR 311 [a] [4]; see Feingold at 274-276). Based upon the foregoing, the motion to dismiss must be denied.
Accordingly, it is ordered, that the motion of defendants Board of Trustees of Hudson Valley Community College and Hudson Valley Community College is denied.