■ Rachel Santandrea, Respondent, v Board of Trustees of Hudson Valley Community College et al., Appellants, et al., Defendant. [894 NYS2d 585]—

McCarthy, J. Appeal from an order of the Supreme Court (Zwack, J.), entered July 1, 2009 in Rensselaer County, which denied a motion by defendants Board of Trustees of Hudson Valley Community College and Hudson Valley Community College to dismiss the complaint against them.

Plaintiff allegedly slipped and fell on the campus of defendant Hudson Valley Community College (hereinafter HVCC). The following month, she served the Rensselaer County Attorney with two notices of claim, but did not separately serve HVCC or defendant Board of Trustees of Hudson Valley Community College (hereinafter Board). Plaintiff subsequently served a separate summons and complaint on each of the three defendants at their principal places of business. HVCC and the Board moved to dismiss the complaint against them because they were not served with a notice of claim. Supreme Court denied the motion (*Santandrea v Board of Trustees of Hudson Val. Community Coll.*, 25 Misc 3d 429 [2009]), prompting them to appeal.

It is undisputed that plaintiff did not serve HVCC or the Board with a notice of claim. Plaintiff served two notices of claim on the County Attorney, one for the County of Rensselaer as a defendant and one for the County as local sponsor of HVCC. Unquestionably, a notice of claim had to be served on the County prior to commencement of this action (*see* General Municipal Law §§ 50-e, 50-i; County Law § 52). The only real question in this case is whether, as a condition precedent to commencing a tort action against a community college, a notice of claim must be served upon the college or its board of trustees. The answer is no.

By its express terms, General Municipal Law § 50-i applies only to certain municipal entities. Community colleges are not included in the statute's list (*see* General Municipal Law § 50-i [1]). Similarly, General Municipal Law § 50-e requires that a notice of claim be served as a condition precedent to a tort action

"against a public corporation, as defined in the general construction law" (General Municipal Law § 50-e [1] [a]). Community colleges do not fall within the definition of a "public corporation" (*see* General Construction Law § 66 [1]). The plain language of the statutes establishes that a notice of claim need not be served on a community college prior to commencement of an action (*see Brown v North Country Community Coll.*, 63 Misc 2d 442, 446-447 [1970]).

Additionally, the Legislature has expressly stated that General Municipal Law §§ 50-e and 50-i apply to actions against a community college of the City of New York (*see* Education Law § 6224). If the General Municipal Law provisions applied to all community colleges by their own terms, the Legislature would not have needed to separately provide that they apply to city colleges. The Legislature did not enact a provision stating that the notice of claim provisions apply to community colleges outside the city college system. Therefore, based on the General Municipal Law's plain language and the Legislature's failure to enact an explicit requirement, a notice of claim need not be served upon a community college outside the City of New York as a condition precedent to a tort action. A notice of claim must be served upon the local sponsor, however, if that local sponsor would otherwise be entitled to a notice of claim (*see* Education Law § 6308 [3], [6]; *Butterfield v Board of Trustees of Schenectady County Community Coll.*, 131 AD2d 963, 964 [1987]). Because plaintiff served a notice of claim on the County and was not required to serve a notice on HVCC or the Board, Supreme Court properly denied the motion to dismiss.

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs. **[Prior Case History: 25 Misc 3d 429.]**