■ SHAREN BRANCH, as Administrator of the Estate of ROBERT BASTIAN, Deceased, Appellant, v COUNTY OF SULLIVAN, Respondent. [977 NYS2d 127]—

Rose, J.P. Appeal from an order of the Supreme Court (Melkonian, J.), entered May 14, 2012 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.

While plaintiff's son (hereinafter decedent) was a student at Sullivan County Community College (hereinafter SCCC), he suffered a fatal heart attack in an SCCC dormitory. Plaintiff commenced this action against defendant alleging negligence in, among other things, failing to provide an automated external defibrillator on campus. After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the ground that it did not owe decedent a duty. Supreme Court granted the motion and plaintiff appeals.*

Plaintiff argues that defendant owed decedent a duty based on its status as local sponsor of SCCC (*see* Education Law §§ 6301 [3]; 6302 [1] [a]). According to plaintiff, SCCC is an alter ego of defendant and should be treated as a department of defendant for liability purposes. We cannot agree. Although defendant has a role in the fiscal oversight of SCCC as its local sponsor (*see* Education Law § 6304 [1] [c]; *Meyer v Wiess*, 25 AD2d 174, 177 [1966]), it is the board of trustees, established pursuant to Education Law § 6306 (1), that is responsible for its day-to-day management (*see Jackson v Board of Educ. of City of N.Y.*, 30 AD3d 57, 60-61 [2006]; *Matter of Weinstein v Caso*, 44 AD2d 690, 690 [1974]). By statute, the board of trustees has "care, custody, control and management of the lands, grounds, buildings, facilities and equipment used for the purposes of [the] college" (Education Law § 6306 [5]).

Here, defendant established that, beyond its role as sponsor

---

* Defendant claims that the notice of appeal, although timely filed, was never served on it. Inasmuch as defendant has had ample opportunity to respond to the appeal and does not allege any prejudice, we will treat the notice of appeal as valid (*see* CPLR 5520 [a]; *Matter of Deraway v Bulk Stor., Inc.*, 51 AD3d 1313, 1314 n 1 [2008]).

and contributor of a portion of SCCC's operating budget, it does not have input into the board's allocation of resources and has no role in the day-to-day operation and management of the school. Moreover, defendant established that it did not own the building where decedent suffered his fatal heart attack. Accordingly, in the absence of "ownership, occupancy, control or special use of the property" by defendant, it did not owe decedent a duty, and Supreme Court properly granted the motion for summary judgment dismissing the complaint (*Rossal-Daub v Walter*, 58 AD3d 992, 993 [2009] [internal quotation marks and citation omitted]; *see Jackson v Board of Educ. of City of N.Y.*, 30 AD3d at 62).

Stein, Spain and Garry, JJ., concur. Ordered that the order is affirmed, without costs.