## Butt v City Univ. of N.Y.

2016 NY Slip Op 33217(U)

December 9, 2016

Court of Claims

Docket Number: Claim No. 127620

Judge: David A. Weinstein

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# Synopsis

# Case information

| | |
|---|---|
| UID: | 2016-049-048 |
| Claimant(s): | REX BUTT and KAREN BUTT |
| Claimant short name: | BUTT |
| Footnote (claimant name) : | |
| Defendant(s): | CITY UNIVERSITY OF NEW YORK and THE STATE OF NEW YORK |
| Footnote (defendant name) : | |
| Third-party claimant(s): | |
| Third-party defendant(s): | |
| Claim number(s): | 127620 |
| Motion number(s): | M-88339 |
| Cross-motion number(s): | |
| Judge: | DAVID A. WEINSTEIN |
| Claimant's attorney: | Sobo & Sobo, LLP<br>By: No Appearance |
| Defendant's attorney: | Eric T. Schneiderman, New York State Attorney General<br>By: Lawrence E. Kozar, Assistant Attorney General |
| Third-party defendant's attorney: | |
| Signature date: | December 9, 2016 |
| City: | Albany |
| Comments: | |
| Official citation: | |
| Appellate results: | |
| See also (multicaptioned case) | |

# Decision

Claimants Rex and Karen Butt commenced this action by filing a claim on March 8, 2016. The claim alleges that Rex Butt was injured on April 22, 2015 when he was riding a bicycle on the campus of Bronx Community College ("BCC"), and fell when he hit a speed bump that had been "recently constructed and not properly marked or signed" (Claim at 1). The City University of New York ("CUNY") and State of New York were named as defendants. The claim notes that a notice of intention was served on July 21, 2015, within 90 days of accrual.

Defendants now move to dismiss the claim, supported by the affirmation of an assistant attorney general. Their motion is premised on two grounds. First, they argue that the Court of Claims lacks jurisdiction over the community college where the accident took place. Second, they argue that to the extent the action may proceed against the CUNY, it is untimely, because the notice of intention was only served on the State.

Claimants have not made any submission in opposition.

The Court of Claims has jurisdiction only over claims against the State of New York and a limited number of other entities specifically enumerated by statute (see Court of Claims Act § 9; NY Const, art VI, § 9). As to CUNY, Education Law § 6224(4) provides that the Court of Claims has exclusive jurisdiction to hear tort claims (and certain other claims not relevant here) against CUNY's "senior colleges," while in regard to actions against CUNY community colleges, section 6224(1) provides that the provisions of General Municipal Law §§ 50-e and

[* 1]

50-I apply, and that the "provisions of subdivision four . . . of this section shall not apply to such actions and proceedings." The referenced provisions of the General Municipal Law concern lawsuits brought against municipalities in courts of general jurisdiction, not the Court of Claims. Thus, community colleges must be sued in Supreme Court, and this Court lacks jurisdiction over claims against them (*see Amato v State of New York*, 131 Misc 2d 1049, 1049 [Ct Cl 1986] [Court of Claims "only has jurisdiction to hear causes of action sounding in tort allegedly committed by senior colleges" of CUNY, not community colleges]).

BCC is a community college (*see Matter of Apollon v Giuliani*, 168 Misc 2d 363, 364 [Sup Ct, New York County 1995] [BCC is one of six CUNY community colleges]). It is, therefore, subject to suit only in a court of general jurisdiction pursuant to the notice of claim procedures of the General Municipal Law, and not in this Court.

In light of the foregoing, defendants' motion is granted, and Claim No. 127620 is dismissed. I need not address defendants' arguments as to timeliness.

December 9, 2016

Albany, New York

DAVID A. WEINSTEIN

Judge of the Court of Claims

Papers Considered:

1. Defendant's Notice of Motion, Affirmation in Support with Exhibit A annexed thereto.

<& /claims/inclusions/footer.htm &>